THE STATE *ex rel.* FAIRES V. BUHLER, *Road Overseer,* *Appellant.*

1. **Roads and Highways**: ROAD OVERSEER, DUTY OF: STATÛTE. It is the duty of a road overseer, under Revised Statutes, section 6941, to accept as public roads only those actually existing and recognized as such in his district at the date of his appointment, and those that may thereafter be established during his term of office. He is bound to consider only such roads, as being committed to his care, and which he must keep in good repair, as provided by statute, and is not called upon to decide upon the regularity and validity of proceedings by which different roads in his district have been created, changed or vacated, the latter being generally a question to be determined by the court.

2. ———: ———: ———: MANDAMUS. Where a substantial doubt exists as to the right or power of an officer to perform a duty, mandamus will not lie to compel him to do so; it will not lie to compel a road overseer to remove an obstruction from a public road where there is a question as to the legal existence of the road as a public road.

*Appeal from Andrew Circuit Court.* — HON. H. S. KELLEY, Judge.

REVERSED.

*C. F. Booher* and *Sanders & Mercer* for appellant.

(1) In this case the relator cannot maintain the action. When the right is one of public concern only, and one individual has no more right to have the act done than another, application must be made by a public officer (unless the proper prosecuting officer declines to appear). 4 Wait's Actions and Defenses, 358, and cases cited; Angell & Ames on Cor., sec. 719, note 9, and cases cited. (2) The petition and alternative writ do not state facts sufficient to authorize the writ, which is only

granted when the law furnishes no other adequate remedy. *People v. Supervisors*, 12 Barb. 27 ; *Commonwealth v. Rosseter*, 2 Binn. 360 ; *People v. Thompson*, 25 Barb. 73 ; High on Ex. Leg. Rem., sec. 10.   The injury complained of in this case (if the allegations of the petition be true) is a public nuisance, for which there is an adequate legal remedy. *Commissioner of Highways v. People*, 66 Ill. 339 ; Addison on Torts [Wood's Ed.] sec. 270 ; 6 Wait's Actions and Defenses, 326 ; *Givens v. Van Studdiford*, 4 Mo. App. 500 ; R. S., sec. 1577 ; *State v. Ball*, 59 Mo. 321 ; 1 Bishop's Crim. Law, sec. 829 ; *Commissioner of Highways v. People*, 73 Ill. 203.   (3)   Mandamus will not lie in this case, because it is made to perform the office of an appeal from a proceeding in the county court to vacate the road in question, which is declared to be erroneous by all authorities. *State v. Engleman*, 45 Mo. 27 ; High on Ex. Leg. Rem., sec. 177, and authorities cited ; 98 U. S. [8 Otto] 240 ; *Dunklin County ex rel. v. District County Court*, 23 Mo. 449 ; 30 Mo. 111.   (4)   It is a fundamental principle of the law of mandamus, that the writ will never be granted in cases where it would prove inoperative or unavailing.   High on Ex. Leg. Rem., sec. 14.   In this case it is admitted that the owner of the land through which the road in question runs, who is not a party to this suit, fenced said road up in 1874, and has had peaceable possession of it ever since, claiming the absolute and exclusive title to the land on which it was located, and has necessarily acquired title by virtue of the statute of limitations, and a writ of mandamus would now be unavailing to open said road ; and such writ would be no defence to an action of trespass against the road overseer, if he removed the fence.   31 Ill. 97.   (5)   In this case the relief prayed by the petition (which was followed in the statement of facts in the alternative writ) was, that the road overseer be required to remove the fences from said

road and keep the same in repair, while the peremptory writ only requires him to remove the fences, and is, therefore, insufficient. *State ex rel. v. Railroad*, 77 Mo. 144.

*William Heren* and *David Rea* for respondent.

(1) Wagner's Statutes, section 45, page 1226, expressly provides "that before any petition to the county court for any change in any established road, in whole or in part, shall be heard, said court shall be satisfied that notice of such petition has been given at least twenty days before the making thereof, by not less than three advertisements set up in the neighborhood of the road proposed to be changed." The second clause of Wagner's Statutes, section 2, page 1219, pertaining to roads, says: "Which powers shall be exercised only in accordance with the provisions of this act." Notice is a jurisdictional fact, and, without the notice required by statute, the action of the court is null and void. *Jefferson County v. Cowan*, 54 Mo. 237; *Railroad v. Campbell*, 62 Mo. 585; *Whitely v. Platte County*, 73 Mo. 30. (2) That in this case the record shows upon its face that the petition described one road and the notice another and different road; that there was no notice of the road attempted to be changed. (3) Wagner's Statutes, section 44, page 1226, requires the appointment of three commissioners, and requires them to report to the court at its first term after their appointment, "the respective distances and situation of the grounds of the established and proposed roads." This report is expressly provided for by statute, and must be made in accordance therewith, before the court has jurisdiction to act in the case. The face of the record showing that no such report was made, the action of the court was without jurisdiction and void. Authorities *supra*. (4) The remaining question: Upon the theory that the court acted without jur-

isdiction, and that the road was not changed by their action, will this proceeding lie to open the obstructed road? Is it a proper remedy? High, directly on point, p. 306 and note, sec. 433 and note 308; also sec. 440, p. 314; 2 Addison on Torts, 731, 732, also note to p. 730, 2d par.; 45 Mo. 294, and authorities there cited; 3 Burr. 1267. "A mandamus lies to compel the commissioner of highways to perform their duties in relation to making roads." 6 Bacon Abridg., 428, 429.

RAY, J.—This is a proceeding by mandamus to compel defendant, as road overseer, to remove certain fences from across a certain alleged public road in his district. Suit was commenced in April, 1882, in the circuit court of Andrew county, at the relation of J. H. Faires. The petition and alternative writ charge that relator is a citizen and taxpayer of said county, and that defendant is road overseer of district number forty-two in said county, having been appointed February 14, 1882; that there was an ancient legally established road in said district, over and across the west half of the southeast quarter of section 4, township 59, range 35, in said county; that in 1874 said road was unlawfully obstructed, by building a fence across the same at a point where it enters on said tract on the north, about sixty-five and four-fifths rods east of the northwest corner thereof, and, also, by a like fence where it leaves said tract on the south, about the southeast corner thereof; that said defendant is aware of said obstructions; that it is his duty under the law to remove the same; that he has ample power and authority for that purpose, but wrongfully refuses so to do, to the irreparable injury of the relator and the public at large.

Whereupon the defendant was commanded by said alternative writ to remove said fences, or show cause why he had not done so. The return of defendant to the writ sets up that the road in question, over and across

said tract of land, was changed and vacated by order and judgment of the county court of said county, on a proceeding for that purpose, begun in 1873 by S. R. Selecman, the owner of said land, for the purpose of cultivation and improvement, and that said road was properly and legally changed and re-located accordingly; that due notice thereof was given; that the relator voluntarily appeared in said court as a party to said proceedings, and failed to appeal from the final order and judgment of said court, changing and vacating that part of said road.

To this return the relator filed his plea, putting in issue all the new matter set up in the return, and charging affirmatively that there was no notice of said proceedings, no report of commissioners, and no final order or judgment changing and vacating said road.

The cause was submitted to the court upon the pleadings and the evidence. At the trial it was concluded that, at and prior to the year 1873, there was and had been a certain public road, leading back and forth from Savannah to Rosedale, in said district and county, which, in its course between said points, passed over and across said west half of southeast quarter of section 4, township 59, range 35, from northwest to southeast. It was also concluded that in the year 1873 one S. R. Selecman owned said tract of land, and, wishing to cultivate and improve the same, commenced proceedings in the county court of said county, under sections 43, 44 and 45, 2 Wagner's Statutes, 1872, page 1226, for the purpose of changing and vacating so much of said road as passed over and across said tract of land, and re-locating the same on the northwest and south line of said tract at his own expense. The records of said county court also show that such proceedings were had and conducted therein, under said sections of the statute, as resulted, if valid, in a final order and judgment of said court, granting and establishing said change, and vacating so

much of said road as passed over and across said tract; and that the relator—who assumed to represent not only himself, but the public at large—had notice of said proceedings, got up a remonstrance against the proposed change; appeared in court and opposed the same, and, failing in his efforts, neglected to appeal from the judgment so rendered.

The records further show that in 1874 said Selecman —who is no party to the suit—in good faith, and at his own expense, opened up and constructed said new road upon said tract of land, and, thereupon, inclosed the same; and in so doing built the fences over and across the old road so vacated and changed, and thereafter continued to occupy and maintain the same, under claim of right and color of authority.

It also appears that said new road, so constructed in lieu of the old, at the date of defendant's appointment as overseer of district forty-two, and, also, at the date of the commencement of the suit, was one of the existing and recognized public roads of the district, although not in good repair on the south line, especially for heavily loaded wagons, by reason of freshets and washouts; and it further appeared that, in point of fact, there was not, and had not been for some six or eight years, any public road whatever over and across said tract of land, where the fences sought to be removed by this proceeding are erected. The entire record of proceedings of the county court pertaining to said change of said road, including the petition, notice and report of commissioners, was also put in evidence.

Upon this state of facts, the court, at the instance of relator, over the objections of defendant, gave the following declarations of law, to which defendant at the time excepted:

"1. There being no sufficient notice in law, shown by the record or otherwise, of the petition of S. R. Selecman, filed in the county court May 6, 1873, asking to

change and turn so much of the road leading from Savannah to Rosedale in Andrew county, Missouri, as is now located on the west half of the southeast quarter of section 4, township 59, range 35, but, on the contrary, the notice read and shown to the court by the relator herein is wholly insufficient in law, and the court declares the law to be that the county court had no jurisdiction of the subject matter, and that its action pertaining to the change of said road was wholly null and void.

"2.    The report of the commissioners, filed in this case August 4, 1873, not being a report as required and prescribed by section 44, 2 Wagner's Statutes, page 1226, and said commissioners wholly failing in said report, to set out the width, the respective distances and situation of the ground of the established and proposed roads, at the first term of the court thereafter, as required by law, the court declares the law to be that the county court had no jurisdiction of the subject matter, and that its action pertaining to establishing or vacating said road was wholly null and void."

The following declarations asked by defendant were refused by the court, to which defendant at the time excepted :

"1.    If it appears from the evidence that, about the year 1873, one S. R. Selecman, being the owner of the land through which the road in question then run, filed his petition in the county court of Andrew county for permission to change said road on his own land for the purpose of improvement and cultivation, and that said county court, after proof that not less than three notices of said petition had been set up, at least twenty days before said petition was presented to said court, in the neighborhood of said proposed change of road, appointed three commissioners to view and measure out said road and report thereon, and that said county court, after receiving the report of said commissioners, allowed said

change of road, and afterwards made an order vacating the road in question; then said order vacating said road is not void, but valid and binding on all parties until reversed or annulled by proper proceeding; and said order vacating said road, or the regularity or sufficiency of the proceedings in said county court in connection therewith, cannot be reviewed or set aside in this action, and the finding must be for the defendant.

" 2. If the owner of the land on which the road in question was situated inclosed said land about the year 1874, thereby fencing up said road, and has ever since that time kept the same inclosed, claiming that said road had been vacated, then mandamus will not lie to compel the road overseer to open said road."

Whereupon, the court found for relator and awarded a peremptory writ, commanding and requiring defendant to remove said fences, from which defendant, after unsuccessful motions for new trial, and in arrest of judgment, appealed to this court. The propriety of these rulings of the trial court is the question for review now before us. Two questions arise in this case: first, as to the powers and duties of the road overseer in the premises; second, as to the proper functions and office of mandamus.

The law of roads and highways in this state is found in chapter 147, page 1364, 2 Revised Statutes of 1879. The provisions governing the mode and manner of opening, changing and vacating roads (of which the county courts have exclusive original jurisdiction), as well as those prescribing the powers and duties of road overseers, are found in the various sections of that chapter. It may be concluded that it is competent and proper for the circuit court, upon appeal from the orders and judgments of county courts, as well as in other proper cases between proper parties, to review and pass upon the regularity and validity of said proceedings, orders and judgments; and it may, also, be granted that, in the ab-

sence of proper notice, report of commissioners, or other material requirements, the county court acquires no jurisdiction of the subject matter of the proceedings, and that its orders and judgments in such cases would be null and void and assailable, even in collateral proceedings; yet it does not follow that the circuit court, under the facts of this case as developed by the record, had jurisdiction by mandamus to review and pass upon the validity of said proceedings of the county court, or to award the peremptory writ in question. Unless it was clearly the duty of the defendant under the law, as overseer of road district forty-two, to remove the fences in question, all the authorities agree that the circuit court had no jurisdiction to award the writ; since the writ of mandamus neither creates nor confers powers upon the officer to whom it is directed, but is only used to compel the performance of preëxisting duties imposed by law.

Section 6941, of chapter 147, *supra*, provides, among other things, that: "The several county courts shall divide their counties into convenient road districts, and shall appoint a road overseer for each district, and furnish him with the boundaries thereof, and, at the February term of the court in each year, the court shall appoint a suitable person in each district to act as overseer for the next ensuing year. * * * It shall be his duty to keep the roads in his district in good repair, according to the provisions of this chapter. * * *" Other sections point out specific circumstances under which he may be ordered by the county court to remove fences and other obstructions from public roads, none of which, however, have any application to the case at bar. It may also be concluded that, under the general power conferred by section 6941, *supra*,—"to keep the roads in his district in good repair"—that it was the duty of defendant, as such overseer, to remove any and all fences

and other obstructions, if any, from any of the public roads in his said district.

But the question remains, what is here meant by the term "roads" in his district? Does it mean roads actually laid out, constructed, used and recognized as such, or does it mean roads that have only a nominal existence, *de jure*, without any visible or tangible existence *de facto?* We apprehend that, under a fair construction of the statute, the actually existing, traveled and recognized public roads of his district are what are here contemplated by the statute. We do not imagine that the statute ever intended to impose upon road overseers the onerous and difficult duty of searching the records and proceedings of the county court, and, at his peril, pass upon and determine the regularity and validity of the various proceedings by which the different public roads in his district had been created, changed or vacated. On the contrary, we apprehend that it is his duty to accept the actually existing and recognized public roads in his district at the date of his appointment, or that may thereafter be established during his term of office, as the roads committed to his care, and which, under the law, he is bound to keep in good repair, as provided by the statute. The duty of deciding between roads *de facto* and roads *de jure*, we apprehend, in general devolves upon the court, in proper cases, rather than upon mere ministerial officers of the law. The books show that the language of the standard authorities, when treating of the functions and office of mandamus, and under what circumstances its jurisdiction exists, is to the following effect: That, when the law enjoins upon a public officer the performance of a specific act or duty, obedience to the law may, in the absence of other adequate remedy, be enforced by mandamus. The writ of mandamus in no case has the effect of creating any new authority, or of conferring power which did not previously exist, its proper function being to set in

motion and to compel action with reference to previous and clearly defined duties ; and, to warrant the court in granting the writ against a public officer, such a state of facts must be presented as will show that the relator has a clear right to the performance of the thing demand,ed, and that a corresponding duty rests upon the officer to perform that particular thing. And when substantial doubt exists as to the duty, whose performance it is sought to coerce, or as to the right or power of the officer to perform the duty, the relief by mandamus will be withheld. Especially will the court refuse in such a case to interfere, when it is apparent that the interests of third parties, not before the court, are involved.

And the rule underlying the jurisdiction by mandamus is, that the existence of another adequate legal remedy is always a bar to relief by mandamus. And in all cases where full and ample relief may be had, either by appeal, writ of error, or. otherwise, from the judgment, decree, or order of a subordinate court, mandamus will not lie, since the courts will not permit the functions of an appeal or writ of error to be usurped by the writ of mandamus. And the fact that the person aggrieved or complaining has, by neglecting to appeal when he might have done so, placed himself in such a position that he can no longer avail himself of its benefits, constitutes no ground for interference by mandamus. High on Mandamus, secs. 10, 7, 16, 32, 39, 177 ; *State v. Supervisors*, 29 Wis. 79 ; *Dunklin County v. District Court*, 23 Mo. 449 ; *Blecker v. St. Louis Law Commissioner*, 30 Mo. 111.

Tested by these rules and authorities, we conclude that, under the facts of this case, it was not the duty of defendant, under the law, to remove the fences in question ; and that the circuit court, under the circumstances, has no jurisdiction to award said peremptory writ, and for these reasons its judgment in that behalf ought to be and is hereby reversed. All concur, except Sherwood, J., absent.