MILFORD T. FRENCH v. THE COMMON COUNCIL OF THE
VILLAGE OF SOUTH HAVEN.

*Highways—Obstruction—Mandamus.*

In this case, the Court finding it difficult to determine from the
petition and return whether the street which relator seeks to
have opened is or is not a public highway, its legality being
contested in good faith by a stranger to the record, and the
relator having an ample remedy in equity if the facts stated
in his petition are true, as also other remedies, both at law
and under the statutes, a *mandamus* is denied.

*Mandamus.* Submitted February 24, 1891. Denied
February 27, 1891.

Relator applied for *mandamus* to compel the removal
of certain obstructions in an alleged highway in respond-
ent village. The facts are stated in the opinion.

*Boudeman & Adams,* for relator.

*Osborn & Mills* and *William N. Cook,* for respondent.

PER CURIAM. This is an application for *mandamus* to
compel the common council of the village of South
Haven to commence proceedings to remove certain
obstructions in an alleged public highway or street in the
village of South Haven, and to open the said street for
public travel, and to keep the same unobstructed for the
use of the public.

The obstructions were placed in the street by one
Arthur W. Tufts, who claims to own the land in the
street, and who denies the existence of a legal highway.
We find it difficult to determine upon the petition and
return whether or not there is a public highway, as
claimed by the relator. Its legality seems to be con-

tested in good faith by Mr. Tufts, who is not a party to the proceeding before us. The relator has an ample remedy in equity if the facts are as stated in his petition. See *Wayne Co. Savings Bank v. Stockwell,* 84 Mich. 586. He has also other remedies, both at law and under the statutes.

The writ of *mandamus* will be denied.