JOHN KURZ, Respondent, v. LEONARD S. TURLEY *et al.*, Appellants.

St. Louis Court of Appeals, May 9, 1893.

1. **Practice, Appellate:** REVIEW OF RULING OF TRIAL COURT ON DEMURRER TO ANSWER. A defendant is not entitled to a review of the ruling of a trial court in sustaining a demurrer to his answer, if he has not filed a motion in arrest of judgment.

2. **Right of Road Overseer to Remove Fence Obstructing a Public Highway.** A road overseer has the right to remove a fence which obstructs a public highway in his district, after he has given the owner who has erected it the requisite statutory notice for its removal.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Joseph Tapley* and *Clark & Dempsey*, for appellants.

*J. D. Hostetter*, for respondent.

BOND, J.—This action was a trespass by the defendants in removing the fencing inclosing a growing crop on the plaintiff's land, thereby causing damage to the crop. The defense was that the fence was removed by the road overseer and other defendants, because it obstructed a public road. There was a judgment for the respondent and an appeal taken.

The only error assigned is that the court instructed the jury on the theory that the road overseer under the statutes existing at the time this cause of action accrued (Revised Statutes, 1889, sections 7807 and 7827) had no power nor right as such overseer to remove the respondent's fence.

The instruction of the court was given in consequence of its ruling sustaining a demurrer to all of the

averments of the answer filed by the appellants, beyond a general denial. As the appellants filed no motion in arrest preserving their exceptions to such ruling, we would be warranted in disregarding it on appeal. *Dobyns v. Rice*, 22 Mo. App. 457; *Erdbruegger v. Meier*, 14 Mo. App. 258; *Warner v. Morin*, 13 Mo. 455; *Finney v. State*, 9 Mo. 632. But, waiving this technical rule, we will construe the statute relied upon in its support.

Section 7807, Revised Statutes, 1889, defines the qualifications and general duties of road overseers. Among other things it prescribes: "And it shall be his duty to keep the roads in his district in good repair, according to the provisions of this article."

Section 7827, Revised Statutes, 1889, same article, provides, to-wit: "If any person or persons shall willfully or knowingly obstruct any public road, * * * . or by fencing across or upon the right of way of the same, * * * or shall obstruct said road or highways in any other manner whatsoever, he or they shall each pay a fine of not less than $5 nor more than $100, to be recovered by indictment or by information. Any person who shall obstruct any public road by any of the means in this section named or otherwise, and shall fail or refuse, within five days after being notified by the road overseer of the district in which the obstructed road lies, requiring him or them to remove such obstruction, to remove the same, shall pay the sum of $5 for each and every day he or they shall maintain such obstruction or permit the same to remain in such road, or fail to remove the same after being notified as aforesaid, to be recovered by indictment or by information before a justice of the peace."

We fail to see anything in the portions of the two sections above quoted, excluding the power of the road overseer to keep the public roads in his district in good

repair by using other means than those enumerated in the statutes.

It was directly held by the supreme court (*State ex rel. v. Buhler*, 90 Mo. 560, 568), in speaking of the provision herein quoted from Revised Statutes, 1889, section 7807 (Revised Statutes, 1879, section 6941), that under the general power thus conferred it was the duty of overseers to remove any and all fences and other obstructions from any of the public roads in use as such in their district.

At the time this ruling was made there was a provision (Revised Statutes, 1879, sec. 6964) providing for a substantially similar method of enforcing the removal of obstructions to public roads, as that now provided in Revised Statutes, 1889, sec. 7827.

Under these views we should hold the appellants were not precluded from defending the trespass charged as having been necessarily committed in the discharge of the duties of the road overseer, provided such defenses had sufficiently averred the facts as to the public character and use of the road, that the same was at the time in the custody of the road overseer, and that he had, under lawful authority as such overseer, given due notice to the owner of the land to remove the fence thereon obstructing its use. *State ex rel. v. Buhler, supra;* Revised Statutes, 1889, sec. 7827. But in these essential particulars the averments of the special defenses of the appellants were fatally defective, and the learned judge committed no error in adjudging their insufficiency on these grounds.

We have also examined the testimony in this case, and do not think there is any merit in the defense, if it had been well pleaded. We therefore affirm the judgment. All concur.