The State ex rel. Schermerhorn vs. McCann and others.

---

The State ex rel. Schermerhorn, Respondent, vs. McCann and others, Supervisors, Appellants.

*September 4 — September 25, 1900.*

Mandamus: *Disputed highways: Obstructions: Removal by supervisors.*

1. Where for more than thirty years controversy had existed as to the existence of a highway, and it had been customarily obstructed for upwards of twenty years, and the owner of the soil had in good faith insisted that the alleged highway had no legal existence, because the necessary proceedings to open it had not been taken, and such claim had been submitted to by the town officers for more than twenty years, and they had refused to remove obstructions thereto because of doubt as to whether the possession of the occupants could be successfully contested, *mandamus* will not lie to compel the town board to remove such alleged obstructions.

2. Sec. 1223, Stats. 1898, imposing upon town supervisors the duty of causing the highways in their towns to be kept free from obstructions to their use for public travel, requires summary action in reference to recognized highways only, and does not require them to decide *bona fide* disputes as to their existence.

3. Where the existence of a highway is fairly in controversy, that controversy must be determined by the courts and so determined as to bind the parties affected, before the supervisors are in duty bound to proceed summarily to remove obstructions under sec. 1223, Stats. 1898.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

Appeal from a judgment awarding a peremptory writ of *mandamus* commanding the supervisors of the town of Campbell, in said county, to remove obstructions from an alleged highway. The alternative writ of *mandamus* contained recitals to the effect that the relator was beneficially interested in the relief sought; that the highway in question was legally laid out September 5, 1830, and within four years thereafter was duly opened and worked and was thenceforth continuously used as a highway till about 1887, when one August Baier commenced to obstruct it; that for some time prior to the commencement of the proceedings for the writ, said Baier maintained such obstructions in such highway so as to wholly prevent its use. Recitals of like effect were in the petition for the writ, and others to the effect that the relator, before the date of such petition, demanded of the supervisors of the town that they perform their duty as such by removing the obstruction, and that they refused to comply with such demand.

The supervisors made return to the writ in the form of answer to the petition, to the effect, among other things, that no highway upon the line indicated in the order dated September 5, 1860, and relied upon by the relator, was ever opened, traveled, or worked, and that the purpose of having such highway was wholly abandoned; that the premises the

supervisors were required to clear of obstructions are the property of August Baier, and that he rightfully placed thereon the obstructions complained of; that Baier and his predecessors in title were, prior to the date of the writ, in possession of such premises for more than twenty years, during all of which time they maintained obstructions of the character complained of, and under claim of right. By the petition for the writ and the return thereto it was considered by the trial court that issues were raised as to whether the way, as laid out September 5 1860, was opened and worked within four years after such date; and whether the premises sought to be cleared of obstructions were within the limits of the highway as laid out. There was a finding of facts in favor of the relator, among other things, that he was specially interested in the controversy; that the highway in question was laid out, opened, and worked as alleged in the petition; that the use thereof was obstructed as alleged; that the relator demanded of the supervisors that they remove such obstructions, and that such demand was refused. Upon the facts so found, a peremptory writ of *mandamus* was ordered and judgment was rendered accordingly, from which this appeal was taken.

*W. S. Burroughs*, attorney, and *F. H. Bloomingdale*, of counsel, for the appellants.

For the respondent there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee*.

MARSHALL, J.    In view of the conclusion arrived at in this case, an extended discussion of the evidence is not necessary, because whether it be so weak as to warrant a reversal upon the ground that the findings of fact are contrary to the clear preponderance thereof, as claimed by appellants, need not be determined.

The cause was made to turn, in the court below, on whether the laid-out highway was opened and worked within four

years from the date of the order establishing the same, and whether the premises obstructed were within the boundaries of such highway. There was evidence both ways on such questions. The burden was upon the respondent to establish the affirmative thereof. The evidence tending that way, as it reads in the record, is somewhat indefinite and uncertain, while there is much evidence to the contrary, including that of two surveyors, one called by each party, the only such witnesses who testified, both of whom made surveys and examinations of the situation before the trial; and also including two supervisors of the town, both of whom had been familiar with the old survey and the use of Baier's premises for travel since 1860, and one of whom assisted in making such survey. The evidence, as a whole, establishes beyond controversy that a dispute has existed since about 1864, respecting the existence of the alleged highway; that it was customarily obstructed for upwards of twenty years prior to the commencement of this action, by the owners of the premises in question acting in good faith under claim of right; that the present owner, firmly and in good faith, insists that the alleged highway has no legal existence, because the necessary proceedings to open it were not taken, and because its limits do not include the location of the obstructions complained of; that his claim of right in that regard, and that of his predecessor in the title, reaching back for more than twenty years, was submitted to by the officers of the town, and that they refused to remove such obstructions because of doubt as to whether Baier's possession can be successfully contested, and the belief that they would lay themselves liable to an action for trespass by going upon his premises and summarily maintaining the right of the public to the obstructed use of the alleged highway.

Now, in view of the situation as above set forth, the question is presented of whether it was proper to determine, in this form of action, the right involved and to compel the

appellants to go upon the premises in question and attempt. to clear them of obstructions. Baier is not a party to the action. He is not bound by the judgment. If he be right. in his position, the appellants would be trespassers the moment they attempted to carry out the commands of the writ. awarded by the judgment appealed from, and he would have a right to treat them accordingly; and if he be not right,. they would be compelled to establish that fact in expensive litigation against them as individuals, in which they would be liable to be defeated regardless of any judgment in this. action.

The question suggested must be answered in the negative. A *mandamus* proceeding will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts, or where the legal result of the facts is a subject for reasonable controversy. If the right is reasonably in serious doubt, from either cause mentioned; the discretionary power rests with the officer to decide whether or not he will proceed to enforce it till the right shall have been established in some proper action; and that discretion, fairly exercised, cannot be controlled by *mandamus*. *State ex rel. Carpenter v. Hastings,* 10 Wis. 518; *State ex rel. La Valle v. Sauk Co.* 62 Wis. 376; Wood, Mandamus, 67, 68.

The law as indicated is firmly established and is particularly applicable where, if the officers were to attempt to do the act required by the judgment, it would involve them in uncertain litigation; and that alone is sufficient to answer the contention that they breached their official duty and laid themselves liable to this action. *State ex rel. Pfister v. Manitowoc,* 52 Wis. 427; *State ex rel. Lightfoot v. McCabe,* 74 Wis. 481; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672; *Townes v. Nichols,* 73 Me. 515; *Comm'rs of Highways v. People ex rel. Bonker,* 66 Ill. 339; *Brokaw v. Comm'rs,* 130 Ill. 482; *People ex rel. Fortune v. Pleasant Hill,* 67 Ill. App. 415; *Board of Education v. Spencer,* 52 Kan. 574; *State ex rel..*

*Faires v. Buhler,* 90 Mo. 560; *Rex v. Greame,* 2 Adol. & E. 615; Elliott, Roads & S. 517; Merrill, Mandamus, § 81.

In the last case cited, decided in the court of king's bench, the rule is stated thus: "We are not to subject the magistrate to risk by compelling him to perform an act where we see a legal probability that an action will be brought against him for doing it." In *State ex rel. Buchanan v. Kellogg, supra,* this court said: "It is not the province of *mandamus* to determine and adjudicate disputed rights, but to enforce undisputed rights." In *State ex rel. Faires v. Buhler, supra,* the Missouri court declares the law in effect as follows: If reasonable doubt exists as to the right, or the power of an officer to perform a duty in regard to it, *mandamus* will not lie to enforce such performance. It will not compel a road overseer to remove an obstruction from a road when the legal existence of the road is in doubt, especially if it be apparent that the interests of third persons, not before the court, are involved.

True, sec. 1223, Stats. 1898, imposes upon town supervisors the duty of causing the highways in their towns to be kept free from obstructions to their use for public travel, but that does not require them to decide a *bona fide* dispute as to the existence of the highway. That section, so far as it requires summary action by the supervisors, refers only to recognized highways. Where the existence of such a way is fairly in controversy, that controversy must be determined by the courts, and so as to bind the parties affected, before the supervisors are in duty bound to proceed summarily under sec. 1223. It follows that the trial court should have dismissed the *mandamus* proceedings.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the proceedings with costs.