581 So.2d 1068 (1991)
Arthur TUDELA, Cedric Floyd, André J. Roques, Jr., Philip L. Capitano, Jack Fredine, Leroy Stagni, and Diane LeBlanc Individually and in their Capacity as the Kenner Charter Review Commission
v.
Aaron BROUSSARD, Mayor, City of Kenner, and the Kenner City Council.
No. 91-CA-50.
Court of Appeal of Louisiana, Fifth Circuit.
June 5, 1991.
*1069 Stephen J. Windhorst, Gretna, for plaintiffs/appellants.
Salvador Anzelmo, Thomas W. Milliner, Bruce E. Naccari, New Orleans, for defendants/appellees.
Before KLIEBERT, C.J., GRISBAUM, J., and FINK, J. Pro Tem.
KLIEBERT, Chief Judge.
Plaintiffs, Arthur Tudela, Cedric Floyd, André J. Roques, Jr., Philip L. Capitano, Jack Fredine, Leroy Stagni, and Diane LeBlanc, Individually and in their Capacity as the Kenner Charter Review Commission, sought a writ of mandamus to force the Kenner City Council, defendants, to publish and submit for voter approval their proposed amended City Charter. Originally, the court granted the mandamus then, on motion of defendants, ordered a new trial for reargument only. On retrial, the court found plaintiff did not prove the Kenner Charter Review Commission was constituted pursuant to LSA-R.S. 33:1395[1], et seq. For that reason, the request for mandamus was denied. Plaintiffs appeal. We affirm.
Plaintiffs were appointed by council resolution number B-7064[2] to:
"... review the City Charter established in 1974 and make recommendations to amend or replace those sections of the Charter that are vague, contradictory or not in the best interest of the citizens of the City of Kenner."
The resolution further provided that:
"if the commission identified aspects of the charter that they recommended to be changed, then the commission should provide these recommendations to the City Council six months after creation of the committee."
The commission met regularly in compliance with the state open meetings law. Upon being "locked out" of City Hall by the Council, the commission continued to meet until they completed their proposed changes for the charter. A rough copy of the proposed charter was submitted to the Council on or about February 16, 1989, some twenty-three months after the deadline stated in the ordinance. When the council refused the commission's request to submit for voter approval the proposed changes, this mandamus action followed.
Initially, plaintiffs argue the trial court erred in granting a new trial as no new evidence existed or "good grounds therefore," as required by LSA-C.C.P. articles 1972 and 1973.
At the time of granting the new trial, the trial judge stated the new trial was granted for reargument only in accordance with his discretionary authority granted by LSA-C.C.P. art. 1973. Jurisprudentially, a new trial should be ordered when the trial judge, exercising his discretion, is *1070 convinced by his examination of the facts that the judgment would result in a miscarriage of justice. Lamb v. Lamb, 430 So.2d 51 (La.1983). We find nothing in the record indicating the trial judge abused his discretion, hence, finding no abuse of his much discretion, we cannot say the trial judge erred in granting the new trial.
Secondly, plaintiffs argue the trial court erred in finding: (1) LSA-R.S. 33:1395, et seq. was not applicable; (2) the commission was not a "charter commission" within the meaning of LSA-R.S. 33:1395, et seq; and (3) the procedure provided for in section 1395 is not the exclusive method for the adoption replacement, amendment, or repeal of the Kenner City Charter.
We agree with the trial court that plaintiffs have not proven that the Kenner City Council set up the commission pursuant to LSA-R.S. 33:1395 et seq. LSA-R.S. 33:1395.1(A) provides the commission shall submit a proposed charter to the governing authority of the municipality within eighteen (18) months of taking office and that all vacancies in the commission shall be filled by the remaining members of the commission.
The resolution establishing the commission sought to streamline, simplify or clarify wording the council identified as vague, lengthy or cumbersome. Any recommended changes were to be made to the council six (6) months after creation of the commission. Further, vacancies in the commission were filled by the council and not the remaining commission members.
There is no evidence of record that the council established the commission to act pursuant to Title 33 section 1395 et seq. It is apparent from the resolution that the council sought to identify possible problem areas with the charter and appointed a commission to determine if there were any problems and to make recommendations to the council to amend or replace those sections of the Charter that are vague, contradictory or not in the best interest of the City of Kenner. If and when such recommendations were made, the Council could, at its option, appoint a commission to draft proposed Amendments to the charter or reject the Commission's findings.
Having found plaintiffs are an advisory conunission set up to recommend whether changes to the City Charter should be made and not a charter commission pursuant to LSA-R.S. 33:1395 et seq., we do not reach the question of whether section 1395 et seq. is the exclusive method for adoption, replacement, amendment or repeal of the Kenner City charter.
For the foregoing reasons, we affirm the judgment of the trial court, dismissing plaintiffs' petition for writ of mandamus. All costs of this appeal to be borne by plaintiffs.
AFFIRMED.
*1071
On motion of Councilman Lanning , seconded by Councilman
 Lavarine , the following Resolution was introduced:
 RESOLUTION NO. B-7064 
 A RESOLUTION CREATING A CHARTER REVIEW COMMISSION CONSISTING
 OF AN APPOINTMENT FROM THE FIVE (5) DISTRICTS AND TWO (2) AT-LARGE
 COUNCILMEN AND THE CITY ATTORNEY, TO REVIEW THE CITY
 CHARTER ESTABLISHED IN 1974 AND MAKE RECOMMENDATIONS TO AMEND
 OR REPLACE THOSE SECTIONS OF THE CHARTER THAT ARE VAGUE, CONTRADICTORY
 OR NOT IN THE BEST INTEREST OF THE CITIZENS OF THE
 CITY OF KENNER
 WHEREAS, the present City Charter became effective July 1, 1974
and is the document that created and governs the present city government;
and,
 WHEREAS, certain wording in the Charter has been identified as being
vague, lengthy or cumbersome; and,
 WHEREAS, there is a need to review the Charter to determine if wording
needs to be streamlined, simplified, or further clarified; and,
 WHEREAS, if the commission identifies aspects of the Charter that
they recommend to be changed, then the commission should provide these
recommendations to the City Council six (6) months after the creation of
the committee.
 NOW, THEREFORE BE IT RESOLVED BY THE COUNCIL FOR THE CITY OF KENNER:
 SECTION ONE: That the City Council authorizes the approval of a
Charter review commission consisting of an appointment from the five (5)
districts and two (2) at-large Councilmen and the City Attorney, to
review the City Charter established in 1974 and make recommendations to
amend or replace those sections of the Charter that are vague, contradictory
or not in the best interest of the citizens of the City of Kenner.
 This Resolution having been submitted to a vote, the vote thereon
was as follows:
 YEAS: 7
 NAYS: 0
 ABSENT: 0
 ABSTAINED: 0
 The foregoing Resolution was declared adopted on this, the 3rd 
day of September , 1987.
NOTES
[1] LSA-R.S. 33:1395, et seq. is entitled the UNIFORM GUIDELINES FOR ALL CHARTER COMMISSIONS: PARISH, MUNICIPAL, ELECTED AND APPOINTED.
[2] See Appendix "A".