631 So.2d 626 (1994)
Louis A. SIMON, Plaintiff-Appellant,
v.
LAFAYETTE PARISH SCHOOL BOARD, Defendant-Appellee.
No. 93-700.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
William E. Logan, Jr., Lafayette, for Louis A. Simon.
L. Lane Roy, Lafayette, for Lafayette Parish School Bd.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
This case involves a Petition for Writ of Mandamus filed by Louis Simon against the Lafayette Parish School Board. At issue on appeal is whether the trial court erred in finding the petition delictual in nature and, therefore, barred by the one year liberative prescription of LSA-C.C. art. 3492.

FACTS
Louis Simon began working for the School Board in 1953 as a maintenance worker. He *627 later became a bus driver and is presently employed in that capacity. During the period 1953 through 1957, Simon was not enrolled in the Louisiana School Employees Retirement System. At the time, enrollment in the Retirement System was voluntary. Simon alleges that he was not notified of his eligibility to enroll and that had he received proper notice he would have enrolled. Simon did enroll in the Retirement System in 1958.
In 1990, Simon sought to purchase the years 1953 through 1957 from the Retirement System. He was told that his portion of the contribution would be $318.43 for the 3.16 years. The School Board's contribution amounted to $8,282.84. In 1992, Simon tendered a check for his contribution to the School Board and requested that they forward his portion as well as theirs to the Retirement System. The School Board refused to forward the payment. Simon paid both portions indicating that he was doing so under protest. Simon then filed a Petition for Writ of Mandamus ordering the School Board to reimburse the funds tendered to the Retirement System.
The School Board answered and filed a Peremptory Exception of Prescription. The exception alleged that Simon's action sounded in tort and was barred by the one year prescription of LSA-C.C. art. 3492. Alternatively, the School Board asserted that the action was a claim for compensation barred by the three year prescription of LSA-C.C. art. 3494.
The trial court found that the School Board had a duty to inform Simon of his right to enroll in the Retirement System and it failed to fulfill that duty. However, the court found that the action sounded in tort and was barred by the prescription of one year in LSA-C.C. art. 3492. Simon perfected this appeal alleging the trial court erred in applying the one year prescriptive period.

DISCUSSION
It is well settled in our jurisprudence that mandamus will only issue to compel a public official to perform a purely ministerial duty, a duty which a law or ordinance in plain and unmistakable terms requires him to perform as a part of and in connection with his official functions. Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985). Accordingly, mandamus is an extraordinary remedy which is used sparingly by courts and will not be issued in doubtful cases. Promise v. McGlothin, 460 So.2d 84 (La.App. 3rd Cir.1984).
We believe the case at bar is one of the doubtful cases where mandamus should not issue. The trial court found that the School Board had a duty to notify Simon of his right to enroll in the Retirement System. Likewise, the court found that the School Board had breached that duty. The question that the trial court failed to address directly is, whether the duty in question arose out of the plain and unmistakable terms of a statute or ordinance?
We find that the duty did not so arise. We have reviewed LSA-R.S. 11:1001 et. seq., relied upon by Simon, and find no clear mandate that the School Board inform new employees of the existence of the public retirement system. LSA-R.S. 11:1001 simply requires that the system be created and administered by a board of trustees. There is no evidence that the Retirement System did not exist in 1953, when Simon was first employed. In any event, the mandates of the statutes are not directed to the School Board. They are directed to the board of trustees, and it is the board of trustees which is required to provide the enrollment forms for the employee. LSA-R.S. 11:1111. Therefore, the School Board had no duty to inform which may support the Writ of Mandamus.
The trial court, perhaps recognizing this, found that Simon's claim sounded in tort. We agree.
No duty on the part of the School Board arose by operation of a statute or ordinance. Therefore, as noted by the trial court, Simons claim is delictual and is subject to the prescription of one year provided in LSA-C.C. art. 3492.
Simon also argues that no prescription applies to mandamus and alternatively that the ten year prescription for contracts should apply. We need not reach the issue of whether prescription applies to a writ of *628 mandamus, as we have found that mandamus was not a proper remedy. With regard to the ten year liberative prescription, we find that it is inapplicable.
The Louisiana Constitution, Article 10, Section 29(A), provides that a contractual relationship is created upon enrollment in the Retirement System. The statutes describing the terms of that contract describe the method of enrollment and deny past service credit where those methods are not followed. LSA-R.S. 11:1112.
Simon was not enrolled in the Retirement System in 1953, therefore, no contractual relationship existed at that time. When he enrolled in 1958, he knew or should have known of his right to credit for the previous years. Therefore, even if the ten year liberative prescription applied, it tolled in 1968. For these reasons, Simon's assertion that the ten year prescription applies is without merit.
Accordingly, the judgment of the trial court finding that Simon's claim sounded in tort and was barred by the liberative prescription of one year is affirmed. All costs of this appeal are taxed to appellant, Louis Simon.
Affirmed.