JiHIGHTOWER, Judge.
Numerous present and former police officers appeal the district court’s rejection of their claim that the City of Shreveport breached a fiduciary duty by failing to advise them of the advantages available in an alternative state retirement system. We affirm.

Legal and Factual Background

The original seven plaintiffs and fifty-two intervenors, all with earlier military service, commenced their employment at the Shreveport Police Department before May 16, 1975. They each joined the local pension system, the Shreveport Police Pension and Relief Fund, although the Legislature had created a statewide system, the Municipal Police Employees’ Retirement System (“MPERS”), as of July 1, 1973. See Acts 1973, No. 189, § 5. To individuals choosing the state system pri- or to August 1, 1976, the original enactment and its subsequent amendments granted up to four years of military service credit. See *877 Acts 1973, No. 189; Acts 1974, No. 389; Acts 1975, No. 377.
Alleging ignorance of this “free” credit until receipt of a MPERS handbook in 1989, appellants sued the City of Shreveport claiming that its representatives breached a fiduciary duty by failing to disclose the available military credit and allegedly discouraging the officers from joining the state system that they otherwise would have selected. After trial, the district court dismissed plaintiffs’ demands, finding no duty disclosed. This appeal ensued.

Discussion

The Shreveport Police Pension and Relief Fund came into existence under Acts 1968, No. 641. See former La.R.S. 33:2351 et seq., now redesignated La.R.S. 11:3711 et seq. That enactment, inter alia, provided for creation of the fund, La.R.S. 33:2351 and 2352; administration of the fees, La.R.S. 33:2353; a board of trustees for management of the fund, La.R.S. 33:2354; prescribed duties for the treasurer and the board, La.R.S. 33:2355 and 2356; a procedure for depositing funds, La.R.S. 33:2357; the investment of funds, La.R.S. 33:2359; financial reporting, La.R.S. 33:2362; and criminal penalties for violation of the statute, La.R.S. 33:2370.
laAs heretofore stated, as of July 1, 1973, the Louisiana Legislature established the MPERS. See former La.R.S. 33:2371 et seq., now redesignated La.R.S. 11:2211 et seq. That legislation and its subsequent amendments provided “free” military credit, not to exceed four years, for persons becoming members of the system prior to August 1, 1976. See former La.R.S. 33:2374, subsec. D, repealed by Acts 1982, No. 769, § 3. Until July 12, 1977, however, the choice of the MPERS system remained voluntary for new employees of the Shreveport Police Department. See Acts 1974, No. 352; Acts 1977, No. 496. Later, in merging the local program with the state system in 1982, the Legislature would additionally accord a military service purchase option through January 1, 1986. See Acts 1982, Nos. 19, 769.
On appeal, appellants argue that the City of Shreveport, as employer of the officers, owed a fiduciary duty to inform them of the existence of the “free” military benefits, a duty not to discourage them from joining the MPERS, and a duty as negotiorum gestor “because of its actions in improperly commingling the funds of this .[local] plan with its general fund in breach of the duty imposed by La.R.S. 33:2353.” We conclude, however, that appellants cannot prevail in any of these aspects.
Review of the provisions creating the two systems discloses no statutory duty on the part of the City of Shreveport to so inform the present claimants. Cf. Simon v. Lafayette Parish School Board, 93-700 (La.App. 3d Cir. 02/02/94), 631 So.2d 626, where the court found no duty by the school board to inform employees of their eligibility to enroll in a voluntary state retirement system. The evidence herein further reflects that the actions or remarks, now construed by appellants as “discouraging,” concerned the unavailability of certain widow’s benefits in the state system until after five years of employment and, thus, may well have occurred with the officers’ best interest in mind. Accordingly, no breach of duty has been demonstrated in either regard.
Neither is appellants’ effort to characterize the City of Shreveport as negotio-rum gestor, due to a claimed violation of La.R.S. 33:2353, impressive. We agree with the trial court’s conclusion that “[t]he statutory duty to maintain separation of funds has nojjjrelation to the alleged duty of the City to inform and/or explain MPERS to the police officers.” Thus, a violation of that Section, even if shown, does not bear on the existence of the claimed fiduciary duty in the context of the present case. Indeed, as succinctly stated by the district court, “[NJeither plaintiffs nor intervenors have cited ... any authority, either constitutional, statutory, or jurisprudential, that discloses or identifies a legal duty that the City of Shreveport had or has to inform police officers of the existence of[,] and/or benefits included in[,] MPERS.”
Moreover, the. plain and understandable language of former La.R.S. 33:2374, as enacted in 1973, provided free service credit for periods previously served in the armed forces. Recognizing the fundamental tenet *878 that no person may avail himself of ignorance of the law, see La.C.C. art. 5, any attempt to . adjudge the City of Shreveport liable for appellants’ nescience concerning the indicated retirement provision is untenable. To impose such a burden on the City would create an unreasonable governmental responsibility, especially considering the numerous statutory options available and appellants’ obligation to be aware of the law.
In light of our determination that appellants have identified no legal duty entitling them to any relief, we pretermit discussion of the remaining issues. The judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.