LOVE, J.,
Dissents and Assigns Reasons.
|,I respectfully dissent from the majority’s decision to reverse and remand the trial court’s denial of the writ of mandamus.
A writ of mandamus
is an extraordinary remedy which is used sparingly by the courts to compel something that is clearly provided by law, and only where it is the sole available remedy or where the delay occasioned by the use of any other remedy would cause injustice; it does not issue in doubtful cases, nor where there is any element of discretion left to the public officer.
Schoeffler v. Drake Hunting Club, 05-499, p. 19 (La.App. 3 Cir. 1/4/06), 919 So.2d 822, 835. A mandamus is used “only when there is a clear and specific legal 12right to be enforced or a duty which ought to be performed.” Hebert v. Abbey Healthcare Group, Inc., 94-1280, p. 4 (La.App. 3 Cir. 5/17/95), 657 So.2d 278, 280. “This writ is never granted in doubtful cases.” State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665, 669 (1950). A writ of mandamus is warranted when there is a ministerial duty that requires “no exercise of judgment or discretion, however slight, *881 in their performance.” Hebert, 94-1280, p. 4, 657 So.2d at 280. This means the law sought to be enforced is in “plain and unmistakable terms.” Simon v. Lafayette Parish Sch. Bd., 93-700, p. 2 (La.App. 3 Cir. 2/2/94), 631 So.2d 626, 627. “The courts will not interfere by mandamus to compel the performance of a duty dependent upon disputed and doubtful facts.” State ex rel O’Beirne v. Police Jury of Red River Parish, 16 La.App. 581, 135 So. 57, 59 (1931).
The majority contends, proclaiming that no doubt exists, that Resolution 07-463 and La. R.S. 33:1395, et seq. requires that the Council release the Proposed Charter to the public and hold an election because Resolution 07-463 included the following language:
BE IT RESOLVED by the Plaquemines Parish Council that it hereby creates a Charter Commission, in accordance with Section 5 of Article VI of the Louisiana Constitution of 1974, consisting of 10 members for the purpose of addressing inconsistencies in the Charter for Local Self-Government.
(Emphasis added).
If Resolution 07-463 was interpreted as a law, that law would have to be interpreted “as having the meaning that best conforms to the purpose of the law” if the language “is susceptible of different meanings.” La. C.C. art. 10. While, Resolution 07-463 stated that it was created in accordance with Section 5 of Article VI of the Louisiana Constitution of 1974, it also stated that the Commission was created “for the purpose of addressing inconsistencies in the Charter for Local RSelf-Government.” The purpose of that statement conflicts with the stated purpose of the Commission, which was to address inconsistencies in the Charter for Local Self-Government. This creates doubt as to the purpose and interpretation of Resolution 07-463, which is further evidenced by the Council’s subsequent revocation of Resolution 07-463 and passage of Ordinance 07-109.
Accordingly, I find that the case sub judice is a case of doubt wherein mandamus should not lie. Resolution 07-463’s defined purpose did not state that the Commission was to prepare and submit a revised charter. Instead, Resolution 07-463 states that it created the Commission “for the purpose of addressing inconsistencies in the Charter for Local Self-Government.” Although Resolution 07-463 does indicate that the Commission was created pursuant to Article VI, Section 5 of the Louisiana Constitution of 1974, the defined purpose of Resolution 07-463 conflicts with a commission created to act pursuant to La. R.S. 33:1395, et seq. The usage of the language “for the purpose of addressing inconsistencies” directly conflicts with the portion of Resolution 07-463 that states that the Commission was created pursuant to Article VI, Section 5 of the Louisiana Constitution of 1974.
While the language examined in Tudela v. Broussard, 581 So.2d 1068 (La.App. 5th Cir.1991) is not exactly the same, Tudela remains illustrative of a doubtful factual scenario, which prevents the issuance of a mandamus. Similarly, the language in the case sub judice demonstrates doubt as to whether Resolution 07-463 was passed to create a charter commission subject to the requirements of La. R.S. 33:1395. Given the conflicting language contained in Resolution 07-463 and the jurisprudence that mandamus is not suited for cases involving doubt, I do not find that a mandamus is warranted. Therefore, I find that the trial court did not err in denying the Plaintiffs’ writ of mandamus.
“Quo warranto is a writ directing an individual to show by what authority he 14 claims or holds public office, or office in a *882 Corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.” La. C.C.P. art. 3901. Having found that the trial court did not err in denying the writ of mandamus because the Plaintiffs failed to prove that Resolution 07-463 was passed to create a commission pursuant to La. R.S. 33:1395, the appeal of the writ of quo warranto is moot.