(59 South. 108.)

No. 19,419.

STATE ex rel. ARBOUR v. BOARD OF MANAGERS OF PRESBYTERIAN HOSPITAL OF NEW ORLEANS.

In re PRESBYTERIAN HOSPITAL OF NEW ORLEANS.

(June 4, 1912. Rehearing Denied June 28, 1912.)

*(Syllabus by the Court.)*

MANDAMUS (§ 138*)—SUBJECTS OF RELIEF—ENFORCEMENT OF CONTRACT.

The writ of mandamus does not lie to compel corporations, or their board of managers, to perform obligations arising simply from contracts.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 272; Dec. Dig. § 138.*]

Mandamus by the State, on the relation of Carrie Arbour, to the Board of Managers of the Presbyterian Hospital of New Orleans. Application by the defendant for writ of prohibition. Granted.

Dinkelspiel, Hart & Davey, for applicant. Alfred E. Billings and Rice & Montgomery, for respondents.

SOMMERVILLE, J. Relatrix, in her petition for a mandamus against respondents, alleges that she is a member of the student body of the Presbyterian Hospital of New Orleans; that she and it assumed reciprocal obligations one towards the other; that she agreed to remain a student for the term of three years from and after the date of her matriculation; that her tuition, board, lodging, light, and fuel were to be furnished to her during said time by the hospital; that, after a probation of two months, she was to receive from the hospital $8 per month for the first year, $10 per month for the second year, and $12 per month for the third year, which sums were allowed her with which to pay for her uniform, etc., but were not intended as a remuneration; that the education which she was to receive was considered a full equivalent for all services she might render; and that at the end of three years, after passing a successful examination, she was to receive from the hospital the diploma which is awarded a trained nurse upon her graduation and leaving said school. She further alleges that, among other things, it was provided by the rules of the hospital:

"That from the time of entrance in the training school and sanitarium nurses are expected to accept and abide by its rules, and at all times to be under the direction, and subject to the discipline of the superintendent. They are subject to suspension by her, and, after report to the board of managers, may be either reinstated, have their suspension confirmed, or be expelled for cause."

Relatrix further alleges that she remained as a student in said training school for

nurses for more than two years, skillfully, faithfully, properly, and well performing all the duties required of her by the superintendent, surgeons, physicians, and officers of the said hospital; that she faithfully complied with all and singular its rules and regulations, and has at all times demeaned herself properly as a student nurse; that on December 15, 1911, she received a letter from the president of the hospital stating that her services were dispensed with from that date; that she is entirely ignorant of the cause of the action of the board of managers of the hospital; that she has not been informed of the nature of any charges against her to, or by, said board of managers; that she has had no trial; that she has not been confronted with any witnesses against her, and that she has had no opportunity to be heard in her defense; that the action of the said board is arbitrary, unreasonable, and illegal, as well as very damaging to her in her reputation; and that it causes her irreparable damage. She then asks that respondents be compelled to reinstate her as a student in its training school for nurses.

Relatrix declares upon a contract, which she terms an "agreement." She says that she matriculated "for the purpose of being educated and trained for such work," and that after a two months probation the "sanitarium made an agreement" with her to give her the necessary training, and, at the end of three years, to give her a diploma, if she passed a satisfactory examination. We have repeatedly held that the writ of mandamus will not issue to compel the performance of contractual rights and obligations, and we adhere to those rulings. The writ of mandamus is the most arbitrary of all the forms of judicial authority which is exercised. It shuts out the right of trial by jury. It substitutes for the ordinary and cautious mode of judicial proceeding an ex-

tremely harsh and summary one. The Code characterizes it as an extraordinary remedy; and it is subjected to close limitations. Ordinarily, a writ of mandamus will issue to compel the performance of some unequivocal duty imposed by law, but never to enforce obligations arising simply from contracts. In accordance with the petition of relatrix, the Presbyterian Hospital assumed certain obligations towards her; and, as the contract was commutative and reciprocal, its enforcement against the hospital does not depend simply upon the fact of its assumption, but involves a question as to whether relatrix has fulfilled her reciprocal obligations. Such duty on the part of the hospital cannot be made clear until after a full and impartial trial.

The board of managers of the hospital made several returns to the service of process upon it, one of which was to the form of the proceeding by mandamus, saying that it was entitled to citation, the lapse of legal delays, as well as to a trial by jury, should it determine to ask for one. This exception or return was overruled by the trial judge, and the trial was ordered to be proceeded with at once. Thereupon, the hospital made application to this court for a writ of prohibition to restrain the trial judge from proceeding with the case before him. The ruling complained of will have to be set aside, and a prohibition will issue. The eleven defendants, members of the board of managers, are entitled to citation, the delays fixed by law, and to the assistance of twelve other men, good and true, as jurors, in their contest with this relatrix, if they choose to ask for a trial by jury.

Respondents are entitled to a trial with all the forms of law. To deprive them of this would be to act towards them in the way in which relatrix claims that they acted towards her. It would be against the forms of law and against the Golden Rule

as well. Relatrix is bound by these rules, even if they have been disregarded by respondents in the manner set forth in her petition.

Respondents have not made a sworn return, and we have not the charter of the hospital before us. We cannot say how far the board of managers have departed from the rule of conduct set forth in the charter, or in their by-laws. Relatrix may have agreed with the hospital to submit any cause of complaint against her to some particular committee, or other authorized body, which is not before the court. If she has not made any such agreement, she is clearly entitled to notice, and a public trial and hearing, with the right to be confronted by the witnesses against her, and to be heard in her own defense by herself and through witnesses.

Relatrix cites authorities to the effect that a mandamus will issue to compel the restoration to office of an officer of a corporation who had been improperly removed; but these authorities are without application. Relatrix does not allege that she is a member of the Presbyterian Hospital, or of the board of managers of said hospital. On the contrary, she alleges that she is a student in the hospital. In the absence of the charter of the hospital, providing that the student body are members of the corporation, we shall not hold them to be members. Ordinarily, pupils are not members of institutions of learning which they attend. We are referred to the case of Baltimore University, etc., v. Cotton, 98 Md. 623, 57 Atl. 14, 64 L. R. A. 108, where a mandamus was issued to compel the reinstatement of a student wrongfully expelled from a law school without notice. This, in so far as we are informed, is the only case where a resort to a mandamus proceeding by a student against a school or faculty has been upheld. It appears from an examination of that case that the writ of mandamus is different in its nature and scope in Maryland from that prevailing here. There the trial was by jury, whereas in this state a proceeding by mandamus is extraordinary in its nature, arbitrary in its execution, and it shuts out the trial by jury. It is a proceeding which calls for an order to be executed by the judge himself; and disobedience is punishable by imprisonment for contempt, or by the harsh remedy of distringas.

In his return, the district judge alleges that the application of the Presbyterian Hospital to this court for relief is irregular, as the Presbyterian Hospital is not a party to the suit; that the board of managers of said hospital has been made the respondent in the proceeding before him. The board of managers referred to are the officers appointed by the corporation for the direction and care of its affairs; and in the line of their duty, and within the charter limitations, their acts are the acts of the corporation. The corporation is a real party in interest, and it has the right to apply for relief to this court.

It is therefore ordered, adjudged, and decreed that a writ of prohibition issue, directed to Porter Parker, judge of division D of the civil district court, restraining him from further proceeding in the trial of case No. 99,666 of the docket of the civil district court, entitled State of Louisiana ex rel. Carrie Arbour v. Board of Managers of the Presbyterian Hospital, at the cost of respondent.