ELLIS, Judge.
Relator, Thomas S. Gill, Jr., brings this mandamus proceeding in connection with a purported contract allegedly entered into by him with one Marvin E. Thames, praying that “an alternative writ of mandamus issue herein, directed to Edwin I. Soule, Commissioner of the Department of Labor, State of Louisiana, and Wilbur Kramer, Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, commanding them and each of them to sign a pay voucher similar to the pay voucher issued previously toy Marvin E. Thames, Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, payable to relator, Thomas S. Gill, Jr., dated on or about February 16, 1952, issued in the amount of $1,750.00, or to show cause to the contrary on such a day and on such an hour as the court may appoint”
Edwin I. Soule in his capacity as Commissioner of Labor of the Department of Labor, State of Louisiana, filed—
(I) Exception of misjoinder of parties defendant;
(II) Exception of no right of action and no cause of action; and, reserving all rights under these exceptions, filed his answer, denying the material allegations of relator’s petition (particularly Article 3 thereof).
Wilbur Kramer, in his official capacity as Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, filed—
(I) Exception of misjoinder of parties defendant;
(II) Exception of nonjoinder of parties defendant;
(III) Exception of insufficiency of pleadings (vagueness and indefiniteness);
(IV) Exception of insufficiency of prayer (vagueness and indefiniteness);
(V)Exception of no right and no cause of action for mandamus and exception of no right and no cause of action,
and, reserving all rights under these exceptions, filed his answer, denying the material allegations of relator’s petition.
The district court sustained the exception of misjoinder filed on behalf of Soule and overruled the exception of nonjoinder filed by the defendant and sustained the exceptions of no cause and no right of action, with written reasons, 'holding that the “writ of mandamus, cannot be used to enforce payment of a claim arising under a contract.” Plaintiff must assert his claim by ordinary proceedings. Here, if there exists any duty on the part of claimant in his official capacity it i-s a duty arising from a contract and is not (as it must be) a purely ministerial duty. See Badger v. New Orleans, 49 La.Ann. 804, 21 So. 870, 37 L.R.A. 540; State ex rel. Arbour v. Board of Managers of Presbyterian Hospital, 131 La. 163, 59 So. 108; also State ex rel. City of New Orleans v. New Orleans & C. R. R. Co., 37 La.Ann. 589, and State ex rel. Pollock v. Equitable Life Assurance Corp., 167 La. 342, 119 So. 71.
Relator has appealed from this judgment.
The judgment of the District Court was correct in sustaining the exception of misjoinder filed on behalf of •Soule as the Administrator of the Division of Employment 'Security of the Department of Labor of the State of Louisiana is solely responsible. See LSA-R.S. 23:1651-1653. Also, the District Judge was correct in overruling the exception of nonjoinder as no payment is demanded and there is nothing to show that the treasurer or auditor would refuse to honor the voucher or warrant if properly executed.
It will be noted that the case was tried on the merits and only one witness took the stand — Mr. Thames, the former Administrator of the Division of Employment Security, and it is proven without the slightest question that he employed relator and a contract is in evidence, and he considered that relator had completed his employment and had earned the consideration therefor, *607 viz., $1,750, and in pursuance thereof he had caused to he issued a voucher to pay-relator but that due to some typographical error- the voucher was returned, and then Mr. Kramer succeeded Mr. Thames as administrator and there is no valid reason shown by the evidence or the record as to why they refused to issue another voucher.
The merits reveal that there is no dispute as to the legality of the employment of relator, no dispute that he earned the money, and no dispute that a voucher to pay him was issued. We really have a -recognized claim with no rhyme or reason shown by this record as to why the Administrator refused to issue another voucher.
While there can be no question that the general rule is as stated by the learned judge of the District Court, we believe that this case should be governed by the doctrine announced by our Supreme -Court in Charbonnet v. Board of Architectural Examiners, 205 La. 232, 17 So.2d 261, 263. In that case the Court stated:
“Counsel for defendants cite the case of State ex rel. Texas Grading Co. v. Buie, State Highway Engineer, 144 La. 39, 80 So. 191, and the other cases decided by this court, in support of the general rule that courts are without power to control the discretion which is vested in public officials. That is the general rule, but that rule is subject to the qualification that, where such discretion as is vested in the members of a public board is grossly abused or illegally or arbitrarily exercised, mandamus will lie to correct the abuse.”
See also Montegut v. Louisiana State Board of Dentistry, La.App., 55 So.2d 58.
However, we are now dealing with an exception of no cause or right of action, and under the law we must accept the aver-ments of plaintiff’s petition as being proven, and a reading of this petition will show that plaintiff’s proof followed the allegations of his petition, viz., that the relator was employed, fulfilled the terms of his employment satisfactorily to the then administrator who directed a pay voucher executed and signed by him payable to relator, and that the voucher was returned for the purpose of correcting two typographical errors unknown to the then administrator, who was shortly thereafter discharged, and that relator had made inquiries and demands upon the present administrator but to no avail.
Under the rule of law as announced in the above-cited case we are of the opinion that the petition sets forth a cause and right of action.
Although this case was tried on the merits there is no decision rendered thereon but only on the exception and we must therefore remand the case to the District Court for trial on the merits. See Edwards v. Louisiana Forestry Comm., La.Sup., 60 So.2d 449 and cases cited therein.
It is therefore ordered that the judgment of the District 'Court be reversed and the exception of no right or -cause of action be overruled and the case remanded for trial on the merits.