STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-42

ELIZABETH W. NAQUIN, ET AL.

VERSUS

LAFAYETTE PUBLIC UTILITIES AUTHORITY,
THROUGH ITS CHAIRMAN MARC F. MOUTON

**************
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 20062266
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judge.

**AFFIRMED.**

Patrick W. Pendley
Stan P. Baudin
Pendley Law Firm
24110 Eden Street
Plaquemine, LA 70764
(225) 687-6396
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Elizabeth W. Naquin, et al.


Andre P. LaPlace
2762 Continental Dr., Ste. 103
Baton Rouge, LA 70808
(225) 924-6898
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Elizabeth W. Naquin, et al.

**Christopher Shows**
**Pierce & Shows**
**601 St. Joseph Street**
**Baton Rouge, LA 70802**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Elizabeth W. Naquin, et al.**

**Patrick S. Ottinger**
**P.O. Box 4017-C**
**Lafayette, LA 70502**
**(337) 291-8015**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette Public Utilities Authority**

**COOKS, Judge.**

## STATEMENT OF THE CASE

Elizabeth Naquin, individually and on behalf of others similarly situated, appeals the dismissal of a writ of mandamus against the Lafayette Public Utilities Authority. For the reasons assigned below, we affirm the decision of the district court.

## STATEMENT OF THE FACTS

This case represents one of many challenges by residents of the City of Lafayette, and other interested parties, to prevent the construction and implementation of the Fiber-to-the-Home telecommunications system proposed by the Lafayette City-Parish Government and the Lafayette Public Utilities Authority (LPUA), the governing authority of the Lafayette Utilities System.[1] *See Bellsouth Telecommunications, Inc. v. City of Lafayette,* 05-1478, 05-1505 (La.App. 3 Cir. 1/5/06), 919 So.2d 844; *Naquin v. Lafayette City-Parish Consol. Gov't,* 06-2227 (La. 2/22/07), 950 So.2d 657. When efforts to enjoin LPUA from issuing bonds to fund the project failed, the Plaintiffs filed a class action suit in the Fifteenth Judicial District Court, Docket Number 20062014, Division D, to obtain a taxpayer refund of overcharges for electric services and to seek an injunction to prevent future rate overcharges to customers serviced by the LPUA through the Lafayette Utility System.[2] The petition was served on the chairperson of the LPUA and on the

_____

[1] LPUA consists of those members of the Lafayette City-Parish Council whose council districts include sixty percent or more of the persons residing within the boundaries of the City of Lafayette as they existed on the date the Lafayette City-Parish Consolidated Government Home Rule Charter became effective.

[2] The merits of the Plaintiffs' claim for a refund of overcharges and injunctive relief are not at issue in this appeal. The record also indicates a petition involving the same parties was filed in the Fifteenth Judicial District Court, Docket No. 2005-1751, Division G, in which the trial court found it lacked subject matter jurisdiction over the complaints involving excessive utility rates and required Plaintiffs to first bring the claim before LPUA.

Lafayette City-Parish President. In response, by letter dated March 22, 2006, LPUA informed the Plaintiffs of the following:

> LPUA has never adopted rules to regulate a proceeding of this type, this being the first to be brought before the LPUA.
>
> It will be necessary to formulate rules before any action can be taken with respect to your filing. The rules will eventually have to be adopted by the LPUA by resolution in an open meeting.
>
> I contemplate that the rules will be fashioned as appropriate in reference to the power and authority of the LPUA in matters of this type, as specified in the Home Rule Charter, and not in specific reference to the pleadings which you have now filed.
>
> Pending the formulation of the rules, your pleading will be held in abeyance and no further action on your part is necessary.

After receiving the letter, Plaintiffs filed a petition for writ of mandamus in the Fifteenth Judicial District Court, Docket Number 20062266, Division B against LPUA. The petition demanded that it formulate and adopt rules of procedure for hearings regarding utility rate complaints brought before the LPUA in accordance with the Home Rule Charter -Section 4-07(I), which provides:

> A person residing in an area served by the utility department may appeal to the authority any proposed rate increases or issuance of bonds. The decision of the authority shall be final, subject to appeal to the appropriate court.

The trial court set the matter for a full hearing. Prior to a hearing on the writ of mandamus, LPUA adopted a resolution establishing procedures for utility rate complaints and appeals of proposed rate increases . On May 30, 2006, a hearing was held on the petition for writ of mandamus. On the morning of the hearing, the Plaintiffs filed an amending and supplemental petition challenging the content of the rules of procedure adopted by LPUA and the manner in which they were adopted. The Plaintiffs argued the Home Rule Charter requires rules of procedure to be enacted by ordinance instead of by resolution and the adopted rules did not comply with the

2

requirements of due process. The trial court found merit in the Plaintiffs' argument, but concluded a writ of mandamus was not the appropriate vehicle to challenge the content of the rules of procedure or the manner in which they were adopted. The trial court stated:

> [I]t appears to me that the Lafayette Public Utilities Authority does not have the discretion not to issue any rules. And, in fact, conducting business without rules on how to appeal decisions, it appears to me, may, in fact, be a *per se* denial of procedural due process. And so, having said all that, it seems to me that the appropriate vehicle for accomplishing the relief the petitioners are seeking would be a petition for declaratory judgment. I don't see how I can issue a writ of mandamus to accomplish what the plaintiffs are seeking.
>
> . . . .
>
> The Council and the Lafayette Public Utility Authority, they have the discretion to pick and choose which rules would best provide for procedural due process. After they have done that, if the plaintiffs believe that the rules are not appropriate, that can't be corrected with a writ of mandamus.
>
> . . . .
>
> I do think that the adoption of an ordinance is a discretionary function, it's not a ministerial function, and so I don't think that a writ of mandamus can be granted which directs a legislative body to perform a discretionary function. Again, I believe that this Court has the authority to adjudicate a request for declaratory judgment. And it seems like all of the things you describe as problems with the rules, as adopted through resolution, not an ordinance, would be properly addressed in a suit to declare that those rules violate substantive and procedural due process requirements.

The Plaintiffs appeal the decision of the trial court, asserting the following assignments of error:

> (1) The trial court erred in denying Plaintiffs petition for writ of mandamus.
>
> (2) The trial court erred in refusing to consider whether the writ of mandamus should issue based on the method of enactment of the procedures, and to consider the legality and constitutionality of the procedures adopted by LPUA.

LPUA answers the appeal, claiming damages for a frivolous appeal. We affirm the decision of the trial court and decline to award damages for a frivolous appeal.

We agree with the trial court under Section 4-07(I) of the Home Rule Charter persons residing in an area served by the utility department have a right to challenge rate increases before LPUA. Prior to May 25, 2006, there were no procedures in place for an individual to enforce this right. However, LPUA has since enacted, by resolution, rules of procedures for utility rate complaints and appeals of proposed rate increases and issuance of bonds. The Plaintiffs now take issue with the manner in which the rules were adopted and the content of the procedures and assert judicial review of the alleged deficiencies is proper in a mandamus proceeding. We disagree.

It is within the authority of a trial court to test the sufficiency of the procedural rules adopted by LPUA against statutory regulations and due process requirements; however, a writ of mandamus is not the proper procedural vehicle to raise such a challenge. A writ of mandamus is a summary proceeding, which lies to compel the performance of a ministerial act. La.Code Civ.P. art. 2592(6); La.Code Civ.P. art 3863. A ministerial act is one "that is so clear and specific that no element of discretion can be exercised in its performance; if a duty requires the exercise of judgment and discretion by a public officer, it is not ministerial for purposes of a cause of action for mandamus." *Concordia Bank & Trust Co. v. Webber*, 548 So.2d 61, 63 (La.App. 3 Cir. 1989)(quoting *Acadiana Bank v. Hayes*, 498 So.2d 275, 278 (La.App. 1 Cir. 1986). While the obligation to promulgate regulations is mandated under Section 4-07(I) of the Home Rule Charter, the manner and the content of the rules adopted is within the discretion of the public body and are not subject to review through a writ of mandamus. Moreover, mandamus is an extraordinary remedy which is only "issued in all cases where the law provides no relief by ordinary means or

4

where the delay involved in obtaining ordinary relief may cause injustice." La.Code Civ.P. art. 3862; *Louisiana Dept. of Treasury v. Williams,* 451 So.2d 1308 (La.App. 1 Cir. 1984). The Plaintiffs are not without relief in testing the sufficiency of the rules adopted by LPUA. They may bring a suit in ordinary process where all parties will have an opportunity to conduct discovery and fully litigate the issues before the district court. Accordingly, we affirm the decision of the trial court denying the writ of mandamus.

LPUA asserts the appeal taken by the Plaintiffs was lodged in bad faith and solely for the purpose of harassment or delay and requests damages. *See* La.Code Civ.P. art. 2133(A). This case involves substantive issues of interest to residents of the City of Lafayette who pay utilities and other interested parties. We do not find this appeal was lodged in bad faith or solely for the purpose of harassment or delay. Therefore, we decline to award damages for frivolous appeal.

### DECREE

Based on the foregoing review of the evidence, we affirm the judgment of the trial court dismissing Plaintiffs' claims. All costs of this appeal are assessed against the Plaintiffs.

**AFFIRMED.**