WALTER J. ROTHSCHILD, Judge.
 

 |2On June 28, 2007, A.J.B. Properties, L.L.C. (“AJB”) filed a “Petition for Mandamus,” against Jon Gegenheimer, the Clerk of Court and Ex-Officio Recorder of Mortgages for Jefferson Parish (“Clerk of Court”), seeking an order requiring him to set aside the cancellation of two mortgages in the Jefferson Parish mortgage records and to re-inscribe these mortgages. Also named as defendants in the Petition for Mandamus were Chad Ham, Robert Ellis, Jr., Canlas-Ellis, L.L.C., and Richard Gal-van.
 

 In its petition, AJB asserts that on October 19, 2004, Mr. Galvan executed a promissory note in favor of AJB in the principal amount of $8,600.00 as partial consideration for the purchase of property located at 2712 Destrehan Avenue in Harvey, Louisiana. This note was secured by a mortgage affecting the property, and the mortgage was recorded in the Jefferson Parish mortgage records on December 6, 2004. AJB also contends that Mr. Galvan signed a promissory note |3in favor of AJB in the principal amount of $8,500.00 as partial consideration for the purchase of property located at 4249 Lac St. Pierre Street in Harvey, Louisiana. This note was also secured by a mortgage affecting the property, and it was recorded in the Jefferson
 
 *699
 
 Parish mortgage records on December 6, 2004.
 

 On March 16, 2007, Robert Ellis, Jr., who is an attorney, filed a “Request for Cancellation” for each of the two mortgages, seeking to have the recordation or inscription of the mortgages cancelled from the Jefferson Parish mortgage records. In support of each Request for Cancellation, Mr. Ellis attached an “Affidavit of Lost Note and Authorization to Cancel Mortgage by Notary Public” executed by Chad Ham. In each affidavit, Mr. Ham asserted that he was the notary public who satisfied the October 19, 2004 promissory notes that were secured by the mortgages on the respective properties. Mr. Ham also asserted in each affidavit that he received the original note from the last holder of the note and was informed that the debt was cancelled, but the note was lost or destroyed due to Hurricane Katrina. Based on the Requests for Cancellation and the affidavits, the Clerk of Court noted in the mortgage records that these two mortgages had been cancelled.
 

 In its Petition for Mandamus filed June 28, 2007, AJB asserts that the cancellation of both mortgages was unauthorized and improper, because neither of the promissory notes secured by the mortgages has been satisfied and AJB has never released or forgiven the maker from his obligations under the notes. AJB further asserts that Mr. Ham’s execution of each “Affidavit of Lost Note and Authorization to Cancel Mortgage by Notary Public” and Mr. Ellis’s execution and filing of the Requests for Cancellation were done without the prior knowledge or authority of AJB. In its petition, AJB seeks the issuance of a writ of mandamus directing the Clerk of Court to set aside the cancellation of both mortgages and to have these mortgages re-inscribed in the mortgage records. AJB further contends |4that because this proceeding was necessitated by the filing of unauthorized affidavits and Requests for Cancellation, attorney fees and costs should be assessed against Chad Ham, Robert Ellis, Jr., and Mr. Ellis’s law firm, Canlas-Ellis, L.L.C.
 

 On July 26, 2007, Mr. Ellis filed an Answer generally denying the allegations in AJB’s petition and Exceptions of Unauthorized Use of Summary Proceedings and No Cause of Action, arguing that a mandamus proceeding is improper under the circumstances and that there can be no cause of action against him in a mandamus proceeding because he is not a public official. On August 15, 2007, the Clerk of Court filed an Answer and a Request for Attorney Fees to be assessed against Mr. Ellis, Canlas-Ellis, L.L.C., and Mr. Ham. On September 27, 2007, Mr. Ham filed a Memorandum in Opposition to Petition for Writ of Mandamus, asserting that the mortgages were validly cancelled under his authority as the last holder of the promissory notes paraphed with the mortgages and that a mandamus proceeding is improper for the relief sought by AJB. On September 28, 2007, Richard Galvan filed an Answer generally denying the allegations in AJB’s petition, as well as Exceptions of Unauthorized Use of a Summary Proceeding and No Cause of Action.
 

 On October 1, 2007, the matter came before the trial court for hearing. After counsel for the parties argued as to whether or not a mandamus proceeding was proper in this case, the trial judge indicated that he would hear the merits of the Petition for Mandamus, and an evidentiary hearing was conducted that day. At the hearing, Robert Ellis testified that at the time of the sale of the properties from AJB to Mr. Galvan, Josh Bruno, who is the owner and only managing member of AJB, agreed to forgive the two promissory notes at issue and waive the second mortgages
 
 *700
 
 that secured these notes. Mr. Ellis testified that after the sale, Mr. Bruno reneged on waiving the mortgages and tried to collect on them, but this was |snot what had been agreed to by the parties. He stated that he signed and filed the Requests for Cancellation, because Mr. Bruno had agreed to forgive the notes immediately and waive the mortgages. He also stated that he had authority to cancel the notes, because the affidavit of Chad Ham indicated that the promissory notes had been satisfied.
 

 Chad Ham testified that he is an attorney who has handled hundreds of real estate closings. He stated that the promissory notes at issue were retained by him at the closing, and he understood that the debt was to be forgiven and he was to later cancel the mortgages. He testified that he felt that it was his duty to have the mortgages cancelled in order to clear the titles to the properties.
 

 Joshua Bruno, the owner of AJB, testified that he did not agree to forgive the promissory notes and he believed that he had a valid second mortgage on each of the properties. He further stated that he never gave Mr. Ham, Mr. Ellis or Mr. Galvan the authority to cancel these mortgages.
 

 At the conclusion of the hearing and in a written judgment dated November 5, 2007, the trial judge granted the Exceptions of No Cause of Action as to all defendants, except the Clerk of Court, because they were not public officials, and he dismissed Chad Ham, Robert Ellis, Jr., Canlas-Ellis, L.L.C., and Richard Galvan from the lawsuit, without prejudice. With regard to the merits of the Petition for Mandamus, the trial judge ordered that the cancellations of the two mortgages at issue be set aside and that these mortgages be re-inscribed, restoring to them the ranking and seniority that they would have had if the cancellations had never occurred. The trial judge ordered the Clerk of Court to make the appropriate notations in the Jefferson Parish mortgage records in order to reflect that the cancellations of the mortgages have been set aside and that both mortgages have Rbeen re-inscribed. The trial judge further ordered Robert Ellis, Jr., Canlas-Ellis, L.L.C., and Chad Ham to pay $1,500.00 in attorney fees to the Clerk of Court.
 

 On December 13, 2007, Richard Galvan, Chad Ham, Robert Ellis, Jr., and Canlas-Ellis, L.L.C. filed a Motion for New Trial, which was denied by the trial court. These defendants now appeal the November 5, 2007 judgment and the denial of their Motion for New Trial.
 

 LAW AND DISCUSSION
 

 In their first assignment of error on appeal, Richard Galvan, Chad Ham, Robert Ellis, and Canlas-Ellis, L.L.C. (“defendants”) argue that the trial court erred in ordering the re-inscription of the mortgages at issue in a judgment arising out of a mandamus proceeding and in not ordering AJB to amend its petition or refile as an ordinary proceeding. They argue that this case does not meet the requirements for a mandamus proceeding, particularly because the actions sought by AJB, i.e. setting aside the cancellation of two mortgages and re-inscription of these mortgages, are not legally mandatory ministerial acts. They argue that because the validity of the cancellation of these mortgages is in dispute, the Clerk of Court would have had to use his discretion to determine whether or not the cancellations should be set aside, which renders the actions sought non-ministerial.
 

 AJB responds that, based on the affidavits and Requests for Cancellation filed by Mr. Ham and Mr. Ellis, the Clerk of Court had a clear and non-discretionary duty not to cancel either of the mortgages. Further, AJB claims that LSA-R.S. 44:114
 
 *701
 
 specifically permits the bringing of an action against the recorder of mortgages via a mandamus proceeding to compel the re-cordation of any instrument permitted to be recorded, to cancel from the records any improperly recorded document, or to correct any errors or omissions in the records.
 

 |7A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty that is required by law. LSA-C.C.P. art. 3863;
 
 Hebert v. Abbey Healthcare Group, Inc.,
 
 94-1280, p. 3 (La.App. 3 Cir. 5/17/95), 657 So.2d 278, 280. Mandamus is a summary proceeding used to compel the performance of a ministerial act, which is an act that is so clear and specific that no element of discretion can be exercised in its performance.
 
 Naquin v. Lafayette Public Utilities Authority,
 
 07-42, p. 4 (La.App. 3 Cir. 7/5/07), 963 So.2d 1045, 1048. Mandamus is an extraordinary remedy which is used sparingly by courts and will not be issued in doubtful cases.
 
 City of Hammond v. Parish of Tangipahoa,
 
 07-574, p. 11 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 181;
 
 King v. Bourgeois,
 
 04-1106, p. 3 (La. App. 1 Cir. 5/6/05), 903 So.2d 549, 551,
 
 writ denied,
 
 05-1891 (La.2/3/06), 922 So.2d 1177. The jurisprudence is clear that a writ of mandamus may not issue to compel the performance of an act which contains any element of discretion, however slight. The duty must be purely ministerial.
 
 Wiginton v. Tangipahoa Parish Council,
 
 00-1319, p. 4 (La.App. 1 Cir. 6/29/01), 790 So.2d 160, 163,
 
 writ denied,
 
 01-2541 (La.12/7/01), 803 So.2d 971;
 
 Big Train Construction Company, Inc. v. Parish of St. Tammany,
 
 446 So.2d 889, 890 (La.App. 1 Cir. 2/28/84).
 

 In the present case, AJB alleges in its Petition for Mandamus that the cancellation of both mortgages was unauthorized and improper, because neither of the promissory notes secured by the mortgages has been satisfied and AJB has never released or forgiven the maker from his obligations under the notes. AJB further asserted that the Requests for Cancellation were done without the authority of AJB. The defendants, except for the Clerk of Court, denied the allegations of AJB’s petition and argued that the mortgages at issue were validly cancelled. In its petition, AJB seeks the issuance of a writ of mandamus directing the Clerk of |sCourt to set aside the cancellation of both mortgages and to have these mortgages re-inscribed in the mortgage records. However, throughout the pleadings, it is clear that AJB was not seeking a clear and specific legal right that was required to be performed. Rather, the action for which AJB seeks a writ of mandamus would have required the Clerk of Court to determine whether or not the cancellation of the mortgages was proper and valid, or whether the cancellations were unauthorized and should be set aside. Clearly, the Clerk of Court was not asked to perform a purely ministerial act. At the hearing on this matter, the trial judge and counsel for AJB both acknowledged that the trial judge was being asked to make a credibility call as to whom he believes. A mandamus may not be used to compel the performance of a duty that is dependent on disputed facts.
 

 Although AJB asserts that LSA-R.S. 44:114 authorizes a mandamus proceeding initiated against the recorder to compel the recordation of any document authorized to be recorded, the cancellation from the records of any documents authorized to be cancelled, or the cancellation from the records of any improperly recorded document, this statute does not authorize the use of a mandamus proceeding against the recorder of mortgages when the duty of the recorder is based on disputed facts
 
 *702
 
 and the action sought is contested. Further, this statute does not overrule or negate the years of jurisprudence holding that a mandamus proceeding may not be used for non-ministerial acts or in doubtful cases.
 

 Based on the record before us, along with the applicable law, we find that a mandamus proceeding was inappropriate in this case and that the trial judge erred in rendering the November 5, 2007 judgment via a mandamus proceeding. AJB’s appropriate remedy is by ordinary proceedings during which discovery may be conducted. Accordingly, we vacate the trial court’s November 5, 2007 judgment disordering the Clerk of Court to set aside the cancellations of the mortgages and to re-inscribe them, because the proceedings used to obtain this judgment were improper. We remand the case for AJB to timely amend its petition and to proceed by ordinary action, if it so chooses.
 

 In their second assignment of error, defendants argue that the trial court erred in casting them with costs and attorney fees when these same defendants were dismissed from the case on their Exceptions of No Cause of Action. Based on our finding that this proceeding was improperly filed against these defendants as a mandamus proceeding, we vacate the order requiring them to pay $1,500.00 in attorney fees to the Clerk of Court. However, this ruling does not prohibit the trial court from assessing costs and attorney fees as it deems appropriate at a later date, if the matter proceeds as an ordinary action.
 

 DECREE
 

 For the foregoing reasons, we reverse the decision of the trial court allowing this matter to proceed as a mandamus action. We remand the case to allow AJB the opportunity to timely amend its petition to proceed via ordinary proceedings. We further vacate the November 5, 2007 judgment ordering the Clerk of Court to set aside the cancellations of the two mortgages and to re-inscribe these mortgages, as well as the order of $1,500.00 in attorney fees assessed against defendants.
 

 REVERSED; JUDGMENT VACATED; REMANDED.