STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**24-23**


EBONY WILLIAMS

VERSUS

LOUIS J. PERRET, LAFAYETTE CLERK
OF COURT, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2023-4468
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**Ebony Williams**
**120 Kingswood Dr.**
**Lafayette, LA 70501**
**(337) 453-6761**
**PRO SE PLAINTIFF/APPELLANT**

**Cearley W. Fontenot**
**Oats & Marino**
**Suite 400, Gordon Square**
**100 East Vermilion Street**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Louis J. Perret, in his official capacity as Clerk of Court**

**Elizabeth Crowell Price**
**Dean Morris, L.L.C.**
**1505 North 19th Street**
**Monroe, LA 71201**
**(318) 388-1440**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **U.S. Bank Trust National Association, not in its individual capacity but**
 **solely as owner trustee for VRMTG Asset Trust**

**SAVOIE, Judge.**

Ebony Williams ("Williams") appeals the district court's judgment denying a Petition for Writ of Mandamus that sought an order compelling the clerk of court to cancel a judicial mortgage and judgment dated March 21, 2023, and recorded in the records of Lafayette Parish.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2006, Williams borrowed $103,500.00 from Iberiabank and executed a promissory note agreeing to repay the loan. The note was secured by a mortgage that encumbered property located at 120 Kingswood Drive in Lafayette, Louisiana ("the Property"), and the mortgage was recorded in the Lafayette Parish mortgage records as Instrument Number 2006-00030825 ("the mortgage"). The note and mortgage were subsequently assigned to Wells Fargo, Bank, N.A. ("Wells Fargo") in October 2007. The mortgage was cancelled on August 25, 2016.

On April 17, 2018, Williams transferred the Property to The Madison Claire Williams Irrevocable Living Trust ("the Trust"). MEW Group, LLC, is the Trustee of the Trust. Williams signed the Trust documents on behalf of MEW Group as a member of the LLC.

On September 19, 2018, Wells Fargo instituted a foreclosure proceeding against Williams alleging she defaulted on the note and mortgage, and it sought the seizure and sale of the Property in an action entitled *Wells Fargo Bank, N.A. vs. Ebony Williams*, and bearing docket number 20185720E in the Louisiana 15th Judicial District Court ("the foreclosure proceeding").

In the course of the foreclosure proceeding, a Consent Judgment was signed by the parties and the district court on June 24, 2019, noting that the mortgage had been erroneously cancelled on August 25, 2016, and reinstating the mortgage with

the same rank and priority as the original. The Consent Judgment was recorded in the Lafayette Parish mortgage records on June 28, 2019.

On September 26, 2019, Williams instituted a bankruptcy proceeding in the U.S. Bankruptcy Court for the Western District of Louisiana entitled *In Re Ebony Williams* and bearing docket number 19-51142 ("the bankruptcy proceeding").

In October 2019, Wells Fargo assigned the mortgage to "US Bank Trust N.A., not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust" ("U.S. Bank"), and U.S. Bank asserted a proof of claim in the bankruptcy proceeding.

On June 2, 2020, a Consent Order was rendered in the bankruptcy proceeding stating that U.S. Bank's "Proof of Claim 3-1 is hereby withdrawn[,]" and the Property "is not subject to the bankruptcy estate and [Williams] is not required to pay any amounts to [U.S. Bank] through the bankruptcy as to the Property." The Consent Order also stated that the stay imposed by 11 U.S.C. § 362(a) "is lifted IN REM as to the Property and that [U.S. Bank] may assert any rights it has as to the Property in State court." On June 7, 2021, the Bankruptcy Court rendered an Order of Discharge under 11 U.S.C. § 1328(A) in favor of Williams.

Meanwhile, in the foreclosure proceeding pending in Louisiana district court, U.S. Bank was substituted as the plaintiff on October 1, 2020. On December 1, 2020, it filed an amended petition adding MEW Group, LLC, as Trustee of the Trust, as a defendant.

Following a hearing in the foreclosure proceeding on March 6, 2023, the district court rendered a summary judgment on March 21, 2023, in favor of U.S. Bank and against "Defendant Ebony Williams, In Rem, and Defendant MEW

2

Group, LLC as Trustee of the Madison Clare Williams Irrevocable Living Trust" for the outstanding principal and interest owed on the Note, as well taxes and other enumerated expenses and charges ("the March 2023 judgment").

The March 2023 judgment further ordered that the mortgage recorded in the Lafayette Parish records under Instrument Number 2006-00030825, "which is now in favor of [U.S. Bank] . . . is hereby recognized and declared enforceable in accordance with the law, entitled to payment, with preference and priority, over all inferior mortgages[,]" and the "judgment permits enforcement of the mortgage by the Sheriff without evidence of any insurance and that the Writ of Fieri Facias be issued requiring the Sheriff to proceed without any evidence of insurance." The judgment also stated that "Plaintiff's rights to enforce the judgment rendered herein are IN REM ONLY against Defendant EBONY WILLIAMS, and limited to the collateral (immovable property) for the amount of such judgment."

The March 2023 judgment was recorded in the Lafayette Parish mortgage records on March 22, 2023, as Instrument Number 2023-00008666 ("the judicial mortgage"). Williams was represented by counsel in the foreclosure proceeding, and the March 2023 judgment was not appealed.

Meanwhile, several days prior to the hearing on U.S. Bank's motion for summary judgment in the foreclosure proceeding, Williams filed a motion in the bankruptcy proceeding to reopen the case "for the purpose of cancelling a judgment and a mortgage."

On May 21, 2023, the bankruptcy court entered a judgment in favor of Williams that granted a "Motion to Cancel Judgments and Mortgages[1]" and stated that the "Lafayette Parish Clerk of Court is authorized and directed to cancel and

---

[1] This motion is not in the record on appeal.

erase [certain] judgments and mortgages **as they pertain to the Debtor, Ebony Williams**," including the March 2023 judgment and judicial mortgage recorded in the Lafayette Parish mortgage records (emphasis added).

On August 15, 2023, Williams filed a pro se Petition for Writ of Mandamus and Rule to Show Cause in the Lafayette district court. The petition sought to, *inter alia,* compel the clerk of court to cancel the March 2023 judgment and judicial mortgage. Louis Perret, as Lafayette Parish Clerk of Court, and U.S. Bank were named as Defendants. A hearing was held October 9, 2023, and the district court rendered a judgment on October 18, 2023, denying Williams' petition.

Williams appeals pro se. In her brief, she asks this court to cancel the March 2023 judicial mortgage and judgment against Williams and the Trust, to set aside a sheriff's sale of the Property, and to return the Property to the Trust.[2]

## ASSIGNMENTS OF ERROR

Williams asserts the following as assignments of error (footnotes omitted):

1. The [district] court erred in its duty by not following the Rules for Civil Proceedings in District Court (Rule 9:12 and 9:13)

2. The [district] court erred in its duty by not directing the Clerk of Court to perform a ministerial duty required by law as outlined in the Louisiana Civil Code Article 3366, [and] Louisiana Civil Code Article 3863

3. The [district] court erred as a matter of law when it refused to recognize that a trust is authorized and subject to the rules prescribed in the Louisiana Trust Code[,] La. RS. 9:1722

4. The [district] court erred as a matter of law when it refused to apply the doctrine of Res Judicata to the proceedings. Louisiana Revised Statutes 13:4231

---

[2] U.S. Bank suggests in in its appellee brief to this court that a sheriff's sale was held October 11, 2023, and the Property was conveyed to U.S. Bank by way of a sheriff's deed, which was recorded on December 5, 2023. Information pertaining to the sheriff's sale of the Property is not in the record on appeal and was not addressed by the district court. Therefore, issues pertaining to the sheriff's sale are not properly before this court and will not be considered.

4

5. The [district] court erred as a matter of law when it refused to recognize The Louisiana Public Records Doctrine generally expresses a public policy that interests in real estate must be recorded in order to affect third persons. Louisiana Civil Code Article 3338

6. The [district] court erred in not recognizing [a] recorded instrument that establishes a real right in or over an immovable. Louisiana Civil Code Article 3338

7. The [district] court erred in not granting the Writ of Mandamus for the Ebony Williams and The Madison Claire Williams Irrevocable Living Trust.


## ANALYSIS

Louisiana Revised Statutes 44:114 states that "[a]ny interested person may bring an action against the recorder in his official capacity to . . . [c]ompel the cancellation from the records of any instrument or document authorized or permitted to be cancelled[,]" and "[t]he action may be instituted by writ of mandamus directed to the recorder in his official capacity."

> A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty that is required by law. LSA–C.C.P. art. 3863; *Hebert v. Abbey Healthcare Group, Inc.*, 94-1280, p. 3 (La.App. 3 Cir. 5/17/95), 657 So.2d 278, 280. Mandamus is a summary proceeding used to compel the performance of a ministerial act, which is an act that is so clear and specific that no element of discretion can be exercised in its performance. *Naquin v. Lafayette Public Utilities Authority*, 07-42, p. 4 (La.App. 3 Cir. 7/5/07), 963 So.2d 1045, 1048. Mandamus is an extraordinary remedy which is used sparingly by courts and will not be issued in doubtful cases. *City of Hammond v. Parish of Tangipahoa*, 07-574, p. 11 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 181; *King v. Bourgeois*, 04-1106, p. 3 (La.App. 1 Cir. 5/6/05), 903 So.2d 549, 551, *writ denied*, 05-1891 (La. 2/3/06), 922 So.2d 1177. The jurisprudence is clear that a writ of mandamus may not issue to compel the performance of an act which contains any element of discretion, however slight. The duty must be purely ministerial. *Wiginton v. Tangipahoa Parish Council*, 00-1319, p. 4 (La.App. 1 Cir. 6/29/01), 790 So.2d 160, 163, *writ denied*, 01-2541 (La. 12/7/01), 803 So.2d 971; *Big Train Construction Company, Inc. v. Parish of St. Tammany*, 446 So.2d 889, 890 (La.App. 1 Cir. 2/28/84).

*AJB Properties, LLC v. Gegenheimer*, 08-669, p. 7 (La.App. 5 Cir. 2/10/09), 8 So.3d 697, 701.

> "An appellate court reviews a trial court's judgment denying a writ of mandamus under an abuse of discretion standard." *Stevens Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1*, 19-955, pp. 8-9 (La.App. 1 Cir. 7/8/20), 308 So.3d 724, 731, *writ denied*, 20-990 (La. 11/4/20), 303 So.3d 652. Additionally, "[f]indings of fact regarding whether to issue a writ of mandamus are subject to the manifest error standard of review." *Hess v. M & C Ins., Inc.*, 14-962, p. 3 (La.App. 3 Cir. 2/11/15), 157 So.3d 1200, 1203. Under a manifest error standard of review, this court can only reverse if it finds, based on the entire record, that there is no reasonable factual basis for the factual finding and that the fact finder is clearly wrong. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993).

*Zillow, Inc. v. Bealer*, 21-545, p. 8 (La.App. 3 Cir. 2/2/22), 333 So.3d 854, 859, *writ denied*, 22-378 (La. 5/10/22), 337 So.3d 908.

In assignments of error numbers 3, 5, and 6, Williams challenges the merits of the underlying March 2023 judgment, suggesting that the judgment was improper because the Property was transferred to the Trust after the mortgage was erroneously cancelled and before the foreclosure proceedings were initiated or the mortgage was reinstated pursuant to the June 24, 2019 Consent Judgment. Williams also takes issue with Wells Fargo's assignment of the note and mortgage to U.S. Bank. However, we find Williams' arguments to be an impermissible collateral attack on the March 2023 judgment, which was not appealed and is therefore a final judgment.

> A collateral attack is defined as an attempt to impeach a decree in a proceeding not instituted for the express purpose of annulling it. As the Supreme Court stated in *Allen v. Commercial Nat. Bank*, [243 La. 840, 147 So.2d 865, 868 (1962),] "[n]o principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio." With this in mind, in *Price v. Price*, [326 So.2d 545, 548 (La.App. 3 Cir.1976),] we stated that "[a] judgment rendered by a Court of competent jurisdiction imparts absolute verity and has the

6

force of things adjudged, unless and until it is set aside in a direct action of nullity. It cannot be collaterally attacked."

*Edwards v. Edwards*, p. 5 (La.App. 3 Cir. 12/22/99), 755 So.2d 331, 334-35 (footnotes omitted).

Williams' attempt to use a mandamus action to collaterally attack the underlying March 2023 final judgment is wholly improper, and we will not consider the merits of the March 2023 judgment in connection with Williams' appeal of the district court's denial of her mandamus action. Therefore, we find no merit to assignments of error number 3, 5, or 6.

In her first assignment of error, Williams suggests that the district court erred in denying her mandamus action because the district court wrongfully allowed attorney Elizabeth Price to represent U.S. Bank in the mandamus action when attorney Earl Sundmaker, III represented U.S. Bank in connection with the bankruptcy proceedings and there was no notice or motion pertaining to substitution of counsel. Williams suggests that this is contrary to Louisiana District Court Rule 9.12, which states in pertinent part:

All licensed Louisiana attorneys in good standing may enroll as counsel of record: (1) by oral notice made in open court when all parties or their counsel are present; or (2) by filing a written Notice of Enrollment or a written Notice of Limited Appearance in accordance with La. Code Civ. Proc. art. 853 with the clerk of court, with copies to all other enrolled counsel or self-represented parties and to the court.

Unless an attorney is making a limited appearance, a petition or the first responsive pleading filed by an attorney on behalf of a party constitutes enrollment of the attorney, "and no further notice of enrollment is needed[.]" La.Dist.Ct.R. 9.12–Comments (Paragraph 2).

7

In the instant case, Ms. Price filed an Opposition to Petition for Writ of Mandamus on behalf of U.S. Bank on September 25, 2023. This was the first responsive pleading filed on behalf of U.S. Bank in connection with the mandamus action at issue, and, according to La.Dist.Ct.R. 9.12, this constitutes Ms. Price's enrollment on behalf of U.S. Bank. No further motion or action was needed for Ms. Price to enroll as U.S. Bank's attorney of record in the mandamus action. The fact that Mr. Sundmaker may have been an attorney of record for U.S. Bank in connection with the prior bankruptcy proceeding in federal court does not mean that he was automatically deemed U.S. Bank's attorney of record upon the filing of the mandamus action, which is a new and separate action in an entirely different court. See *McKee v. McKee*, 03-254 (La.App. 3 Cir. 10/1/03), 856 So.2d 135. We find no merit to this assignment of error.

In her second, fourth, and fifth assignments of error, Williams suggests that the bankruptcy court's May 21, 2023 judgment granting a Motion to Cancel Judgments and Mortgages compelled the Lafayette Parish Clerk of Court to cancel the March 2023 judicial mortgage and judgment as to both Williams and the Trust.

We first note that while Williams, who is a pro se appellant, suggests that she is appealing on her own behalf and on behalf of the Trust, she is not authorized to represent the Trust on appeal. In a legal proceeding, a trust is typically represented by a trustee, who is responsible for managing the trust's assets. See La.R.S. 9:1781, et. seq. MEW Group, LLC is the trustee of the Trust involved in the instant action. However, MEW Group is an entity separate and distinct from Williams, and Williams, who is not an attorney, cannot represent MEW Group on appeal. *See In re Rouge House, LLC*, 17-602 (La.App. 4 Cir. 5/2/18), 246 So.3d 580, *writ denied*, 18-910 (La. 9/28/18), 252 So.3d 928. "[C]orporate entities must

be represented by counsel." *Id.* at 583, *quoting Bankston v. Tasch, LLC*, 2009-1573, p. 5 (La. App. 4 Cir. 6/2/10), 40 So.3d 495, 498.

With respect to Williams, the March 2023 judgment and judicial mortgage Williams seeks to have the clerk of court cancel are not against Williams individually, but rather "IN REM ONLY against Defendant EBONY WILLIAMS, and limited to the collateral (immovable [P]roperty) for the amount of such judgment." "An in rem judgment operates directly against property and affects all parties' interest in the property. Black's Law Dictionary 860 (8th ed.2004). In contrast, a personal judgment imposes personal liability on a defendant and may be satisfied from any of the defendant's property not exempt from seizure." *Northwest Bank v. Walker*, 05-1068, p. 1 n.1 (La.App. 4 Cir. 5/4/06), 933 So.2d 222, 223 n.1.

Further, the bankruptcy court proceedings in the record make clear that the Property was "not subject to the bankruptcy estate" and Williams was "not required to pay any amounts to [U.S. Bank] through the bankruptcy as to the Property." The record also reflects that the bankruptcy stay imposed by 11 U.S.C. § 362(a) was "lifted IN REM as to the Property" and U.S. Bank was permitted to "assert any rights it has as to the Property in State court."

While the bankruptcy court issued a judgment in May 2023 authorizing and directing the Lafayette Parish Clerk of Court to cancel and erase certain judgments and mortgages "as they pertain to the Debtor, Ebony Williams," the March 2023 judgment is in rem only and limited to the Property that was excluded from the bankruptcy estate and not subject the bankruptcy proceedings. Therefore, we fail to see how the bankruptcy court's judgment that involves only Williams individually as a debtor compels the Lafayette Parish Clerk of Court to cancel the

9

in rem March 2023 judgment and judicial mortgage as to property not subject to the bankruptcy proceeding.

Further, La.R.S. 44:114 "does not authorize the use of a mandamus proceeding against the recorder of mortgages when the duty of the recorder is based on disputed facts[.]" *AJB Properties, LLC*, 8 So.3d at 701. Here, it was disputed as to whether the bankruptcy court's judgment applicable only "to the debtor, Ebony Williams" applied to the in rem March 2023 judgment and judicial mortgage, and "a mandamus proceeding may not be used for non-ministerial acts or in doubtful cases." *Id.* at 702.

Therefore, we find no abuse of discretion on the part of the district court in denying Williams' mandamus action.

## **DECREE**

For the reasons set forth above, the judgment of the district court denying Williams' Petition for Writ of Mandamus is hereby affirmed. Costs of this appeal are assessed to Plaintiff, Ebony Williams.

**AFFIRMED.**